## B. G. EZELLE *v.* ELIJAH PARKER AND WIFE.

1. CHANCERY COURTS: JURISDICTION TO REMOVE CLOUDS FROM TITLE LIMITED, AND DOES NOT DRAW TO IT INCIDENTAL POWERS OF THE COURT.—The jurisdiction to remove clouds, doubts, and suspicions from over the title of the true owner of real estate, conferred by. art. 8, p. 541, of Rev. Code, upon the Chancery Court, is special and limited, and does not, as an incident to this jurisdiction, authorize the court to assume control of the entire controversy in relation to the title to the land, the right of possession, and the rents, issues, and profits.

2. HUSBAND AND WIFE: DEED OF MARRIED WOMAN VOID, UNLESS MADE JOINTLY WITH HER HUSBAND: MAY MAKE SEPARATE RELINQUISHMENT OF DOWER.—A deed conveying the separate property of the wife, executed by her alone, is void. A married woman may separately relinquish her right of dower.

3. VENDOR AND VENDEE: PARTY IN POSSESSION OF REAL ESTATE UNDER VOID DEED HAS NO COLOR OF TITLE, AND IS TENANT OF OWNER.—A party in possession of real estate under a void deed does not occupy the position of one in the adverse possession of real estate, but is the tenant, at will or by sufferance, of his vendor, and cannot, either in law or equity, dispute the title of his landlord, and is estopped from setting up title in himself or claiming title under another. 24 Miss. R. 272; 38 ib. 389.

4. TENDER: LEGAL TENDER NOTES: VALUE OF CONFEDERATE MONEY, HOW ESTIMATED.—By the decision of the Supreme Court of the United States, "legal tender notes" are a legal tender, and in determining the value of "Confederate money" it should be compared with legal tender notes and not with specie.

5. CHANCERY JURISDICTION TO REMOVE CLOUDS: DELIVERY OF POSSESSION: ACCOUNT FOR RENTS: CASE IN JUDGMENT.—P., a married woman, by her separate deed conveyed real estate to E., who paid for the same in Confederate money. P. and her husband filed their bill to cancel the deed as a cloud upon their title, for a recovery of the possession of the property and an account of the rents. Held—That the deed was void and should be cancelled, but that the Court of Chancery had no jurisdiction to decree an account for rent or a delivery of the possession of the property.

APPEAL from the Chancery Court of Clark county. Hon. Wm M. Hancock, chancellor.

Ezelle *v.* Parker et ux.

*S. A. D. Steele* for appellant.

1. That the separate property of a married woman may be disposed of by her as *feme sole.* Clancy's H. & W. 321, 294; *Heathly* v. *Thomas,* 15 Vesy. 595; 1 Story's Eq. Jr. §§ 243, 1,378, 1,379; *Jaques* v. *The M. E. Church,* 17 Johns. 578; 4 Barb. 413; 3 Ird. 239; 7 ib. 113, 120; 23 Ala. 642; *Garret* v. *Dabney,* 27 Miss. R. 346; *Black* v. *Cross,* 36 ib. 558; *Levy* v. *Darden,* 38 ib. 64.

2. That the act of 1839, H. & H. 332, § 22, creates a separate property in the wife, with a limitation on the estate in favor of the husband and children. This act restrains the power of alienation, by negative restriction, by joint deed of husband and wife, and "not otherwise," and by limitation on the estate. The wife is not the owner in fee, but has only a life estate in the naked property; the rents, issues and profits are vested in the husband, and children, with a present vested interest in the property. The wife, not being the owner in fee, under the act of 1839, cannot alienate her property held and acquired under the act as a *feme sole.* All the decisions of our Supreme Court under this act, as to the power of the wife to alienate, turn upon this point.

The act of 1846, Hutch. Code, art. 7, 498, changes the act of 1839. It gives the husband tenancy by courtesy, and in the event of failure of issue the personalty rests absolutely in the husband. There was an absolute vested interest in the husband contingent on the failure of issue. Under the acts of 1839 and 1846, the conveyance of the wife's separate property must be by joint deed of husband and wife: 1st. Because the conveyance is restricted to this particular mode. 2d. Because the wife has only a life estate as against the husband, and his contingent interest is vested *in presenti,* to take effect on the happening of the contingency: death of the wife without issue. 4 S. & M. 193; 7 ib. 67, 75; 14 ib. 58, 25; Miss. R. 355; 31 ib. 125; 27 ib. 343; 38 ib. 64. The cases in 7 S. & M. 83; 9 ib. 15 & 447; 10 ib. 576, the question was not expressly decided, and are in conflict with the authorities cited before.

The case of *Tomlin* v. *Heidelberg,* 32 Miss. R. 275, is a

mere dicta, sustained by no reasoning or reference to authority.

3. That the law of 1857, under which the conveyance now in controversy was executed, is quite different from the acts of 1839 and 1846.

By the law of 1857, the wife has her separate property, absolutely, and to all intents and purposes, as a *feme sole*. Rev. Code, art. 23, 335. She has absolute property and unlimited control, and has the "*jus disponendi.*"

The law provides that the wife *may* dispose of her property by joint deed of husband and wife, but the power to convey is not limited to a particular mode, as in the acts of 1839 and 1846. Rev. Code, 307, art. 4.

But the law of 1857, Rev. Code, 313, art. 32, further provides, that the lands of a married woman, and her right of dower, shall not pass by any deed made by her, either jointly with her husband *or separately*, without a previous acknowledgment, etc., and conveyance so executed and acknowledged shall bar her right of dower, and be effectual for the purposes for which intended. Here power is given to a married woman to execute a conveyance jointly with her husband or separately.

4. But even if the deed does not operate as a conveyance of the land, it is good as a contract and equity will decree specific performance of it, the purchase-money having been paid, and the possession having been delivered, and the husband having ratified and approved the sale. Equity will decree specific performance of a contract respecting real estate, when the contract is entirely performed by one of the parties. *Livingston* v. *Livingston*, 2 Johns. Ch. 557.

5. That the title set up by appellee is not sufficient. To authorize the cancellation of a deed as a cloud upon title, the complainant must exhibit a perfect equitable title. *Grand Gulf Bank* v. *Bryan*, 8 S. & M. 235; *Boyd* v. *Thornton*, 13 ib. 338; 33 Miss. R. 297; 26 ib. 259.

5. A bill to cancel a deed as cloud upon the title, will not be entertained between vendor and vendee, unless the purchase-money is tendered with the bill. *Beaman* v. *Birch*, 9 S. & M. 207.

Ezelle *v.* Parker et ux.

*F. Anderson*, on same side, presented following points :

1. The Stat. Rev. Code, 541, art. 8, conferred a certain jurisdiction on courts of chancery which they did not possess before, in giving the right to file a bill for the purpose of removing clouds from title of the true owner, whether he should be in possession or not, or whether his possession was threatened to be disturbed or not. This statute being in derogation of the established law of this court on the subject of the powers conferred by the constitution on the different courts, amongst which the judicial power was established in terms which distinctly marked the line of power and jurisdiction assigned to each, and would be clearly unconstitutional if it had undertaken to confer on the Court of Chancery jurisdiction which, under the constitution, belonged exclusively to courts of law. This, however, the statute did not undertake. Being in derogation of the established rules of jurisprudence, it must receive a strict construction, and one which will make it consistent with the constitution, if it can be done.

To give the statute such a construction, the court will hold, that it did not intend to confer jurisdiction or power which belonged exclusively to courts of law. But the jurisdiction to recover possession of real estate, and of rents, is one exclusively and peculiarly belonging to courts of law, both at common law and under our constitution. Hence the court below had no jurisdiction to decree possession to appellee.

2. The principle upon which courts of equity removed clouds from title was one of *quia timet*, and to give relief when the true owner had no other remedy. Thus the owner of real estate, being in possession, could have no remedy at law against one possessed of a deed or other evidence of title, which might cast a cloud upon the title of the true owner, and thereby impair the value of his property. This principle ought equally to have applied to all cases where the true owner was not in possession, and could not, without inconvenience and loss, take possession, and yet where there was no adverse possession, which would give him the right to bring his action at law to assert his title. Courts of equity did not give relief in such cases, because the

principle of *quia timet* did not apply, since the mere possession of an adverse but illegal title could not create an apprehension to the true owner.

This was the defect in our jurisprudence, which the statute referred to was intended to remedy, by giving to courts of equity jurisdiction to cancel deeds, remove clouds upon the title of the true owner, when he had no remedy at law. The principle on which the statute was founded did not extend to a case where there was an adverse possession by the party holding the cloud upon the title of the true owner, for the remedy at law by action of ejectment is clear.

In this case, appellant not only held the cloud upon the title, but was in the adverse possession of the land at the time of the commencement of the suit, and the bill should have been dismissed for want of jurisdiction.

*Harrison & Crusoe* for appellees.

I. The bill is not merely to remove clouds and doubts from the title, but to set aside a void deed procured from a married woman, her husband not joining in it.

As to the jurisdiction of a chancery court in such a case, see Rev. Code, p. 541, art. 8. *Pennington* v. *Acker et al.*, 30 Miss. 161, 164 ; *Banks* v. *Evans*, 10 Sm. & Marsh. 35 ; *Boyd* v. *Thornton*, 13 ib. 344 ; *Freeman* v. *Guion*, 11 ib. 58 ; *Toulmin* v. *Heidelberg*, 32 Miss. 268, 273.

II. The deed is void. *Toulmin* v. *Heidelberg*, 32 Miss. 273 ; *Garrison* v. *Fisher*, 26 ib. 352 ; Rev. Code, p. 307, art. 4, p. 313, art. 32, p. 335, 336, art. 23, art. 25.

III. There is no appeal taken from the decision sustaining a demurrer to the *cross-bill*.

If before the court, the demurrer was properly sustained to it. If the deed was *void*, the facts set up in the cross bill amount to nothing.

The appeal is only taken from the *interlocutory decree*, and nothing more.

The motion to remand nowhere appears in the record. The bill of exceptions alludes to a motion.

Ezelle *v.* Parker et ux.

HARRIS, J., delivered the opinion of the court.

The defendants in error filed this bill to remove clouds and doubts from their title to certain lands in dispute; also, for an account for the use and occupation of the land by plaintiff in error, and for general relief. The bill alleges that Mary J. Parker, being the wife of the said Elijah Parker, and the owner in fee of the land in controversy, in the absence of her husband in the army, about the 3d day of January, 1865, contracted to sell the same to plaintiff in error by title bond, for Confederate money, of little value, and afterwards by the persuasion of plaintiff in error executed her deeds therefor to said plaintiff in error. That the deeds are void, not having been executed jointly with her said husband, and that they constitute a cloud upon her title.

The answer of plaintiff in error admits these facts, except her paramount title; alleges that the husband ratified the sale by his wife; prays that the answer be made a cross-bill and for process and answer thereto, and for a correction of any defect in the conveyance to him and a specific performance of the contract of sale, and that defendant in error be decreed to execute a good and valid deed for said land. Or, in the event that such decree cannot be made, that the purchase-money with interest be decreed to be refunded to him.

To this cross-bill there was a demurrer which was sustained, and no appeal is prosecuted from this decree.

The cause was finally submitted on bill, answer and proofs, and a decree entered in favor of complainants below, cancelling said deeds from the said Mary J. Parker to plaintiff in error; directing the delivery of the possession of said land by the said plaintiff in error to the defendants in error, within sixty days from the date of said decree; on failure, that a writ of possession therefor issue; also referring it to the clerk of said court to take and state an account of the rents and profits of said land, and report the same to said court. And to take an account of the *specie* value of Confederate notes at the dates of payments thereof made by said plaintiff in error to said Mary J. Parker, and report the same to said court, &c., reserving all other matters until the coming in of said accounts and reports.

From this decree an appeal was prayed in open court, which was allowed, and bond and sureties approved by the court, and the cause brought to this court.

A motion is now made to dismiss the cause on the ground that the bond is insufficient. That it was not approved by the clerk, and that the necessary steps to give this court jurisdiction have not been taken.

We perceive no irregularity in this appeal, and none is suggested by counsel for the motion, upon which it can be sustained. The motion will therefore be overruled.

The cause is also submitted on the merits upon argument and briefs of counsel.

The first and third errors assigned are not before us. The first relates to the demurrer to the cross-bill, from the decision of which no appeal was prosecuted; and the third relates to a *motion* to remand the cause to the rules for further testimony. No such motion appears in the record. There is a bill of exceptions, in which it is recited that such a motion was made; but even if the motion had been copied into the bill of exceptions, we have repeatedly held that matters pertaining to the record must be copied into the record and certified as such by the clerk, and cannot be presented here by bill of exceptions; the office of a bill of exceptions being simply to spread on the record such extraneous matters as could not otherwise appear of record.

The only remaining assignment of error is, that the court erred in granting the decree before us.

To the extent contemplated by our statute, R. Code, p. 541, art. 8, under the decisions of this court, a court of chancery has the undoubted right to have deeds or other evidence of title, constituting a cloud, doubt, or suspicion over the title of the rightful owner of any real estate in this State, cancelled, and such cloud, doubt, or suspicion thereby removed, in a case properly before it for that purpose. But the special limited jurisdiction conferred by the statute does not draw to it the incidental powers which belong to a court of chancery in the exercise of its general jurisdiction, but must be restricted to the special cases and the particular relief contemplated by the act.

Hence the jurisdiction to remove clouds, doubts and suspicions from over the title of the rightful owner of real estate conferred by this act upon the Court of Chancery, does not, as incident to this jurisdiction, authorize the Court of Chancery to take jurisdiction of the whole controversy in relation to the title to the land, the right of possession, the rents, issues and profits, and thus usurp the jurisdiction belonging to the courts of law.

Under the facts appearing in this record we think the court acted rightly in decreeing a cancellation of the deeds, here complained of. Having been executed by a *feme-covert*, in her own name, without the *joint* action of her husband, the deed was void. We are referred to art. 32, p. 313, R. Code, for the position assumed by counsel for plaintiff in error in argument—that the wife may "*jointly*, with her husband, or *separately*," convey her separate real estate. We think this is a misconception of the language employed in this article. In the same chapter, p. 307, art. 4, provision had been made, enabling the wife by joint deed of herself and husband, properly acknowledged, to make conveyance of her real estate. The construction of art. 32, p. 313, R. Code, here contended for, would render the two articles repugnant; art. 32 has reference to conveyances of the right *to dower*, which are sometimes by *separate* relinquishment—of the wife—while art. 4, p. 307, has reference to the *wife's separate* real estate.

It is insisted for plaintiff in error, that he is in the adverse possession of the land in controversy, and that it was incumbent on the complainant below, to show a perfect title, and that they were the rightful owners thereof, before they were entitled to this statutory remedy.

Under the facts before us, the plaintiff in error does not occupy the position of one in the adverse possession of real estate. He has not only no color of title, *as against the defendants in error*, but, holding possession under them by a void deed, or no deed, he is their tenant, either at will or by sufferance, and cannot be heard either at law or in equity, to dispute the title of his landlord. He is estopped from either setting up title in

himself, or claiming title under another. *Day* v. *Cochran,* 24 Miss. R., p. 272 ; *Griffin* v. *Sheffield et al.* 38 Miss. p. 389.

The chancellor therefore rightly decreed a cancellation of these deeds, and ordered an account of the value of Confederate money at the respective times of its payment. But it erred in ordering an account of the *specie value* of Confederate money. Under the decision of the Supreme Court of the United States, its *legal tender notes* occupy the place of specie, in this respect, and the plaintiff in error was therefore entitled to have the value of Confederate notes in *legal tender notes,* restored to him ; and the court should have decreed the cancellation of the deeds, upon the repayment by the defendants in error, of the value of the Confederate notes, in legal tender notes.

The court further erred in decreeing an account for rent as well as the delivery of possession of the premises to the defendants in error.

The court had no jurisdiction under this statute, as we have already seen, to make such a decree, but must leave the defendants in error to their remedy at law, both for possession and mense profits.

Let the decree be reversed and cause remanded for further proceedings, in accordance with this opinion.