A. J. Phelps et ux. vs. George C. Harris et ux.

1. Partition: *Power to sell and exchange.*
   The power to "sell and exchange" includes the power of conveying an un‑ divided interest in the whole of the estate, in return for a sole and sepa‑ rate interest in a divided part of the estate, or to make partition, and al‑ though a power of sale does not authorize a partition, yet a power to "exchange" is well executed by a "partition."

2. Chancery Jurisdiction: *Clouds upon title.*
   The jurisdiction of a chancery court to remove clouds, doubts or suspicion from titles to real estate, is of a limited character, restricted to the special cases, and particular relief contemplated by the statute. This jurisdic‑ tion cannot be invoked to try conflicting titles to land, and to usurp the appropriate functions of ejectment trials at law. Nor does it draw to it the powers incident to the exercise of general equity jurisdiction, to take cognizance of a whole controversy, in relation to title, right of pos‑ session, and rents, issues and profits.

Appeal from the Chancery Court of *Washington* county.

Hon. E. Stafford, Chancellor.

The opinion of the court contains a sufficient statement of the facts in the case.

Briefs.

*Wm. G. Phelps*, for appellants :

The deed contained a power to H. W. Vick, the managing trustee, to "sell or exchange" and "reinvest in the same trusts." The will gave to Vick the power to "dispose of" the property and invest for the benefit of the *cestui que trust.* The first question presented is, whether a power to "sell and exchange" and reinvest, etc., will authorize a partition. It is said that the early case of Abel *v.* Heathcote, 2 Ves. Jr., 98, held that the power was sufficient, by force of the term "exchange." But Lord Eldon afterward denied that such was the intention of that case, and he placed the decision upon its especial circumstances. See note 1, p. 101 to case, 2 Ves. Jr. The contrary doctrine is also sustained by the following authorities : Hill on Trustees, 475 ; Tiffany on Trusts and Trustees, 761 and 764 ; Sugd. on Pow., vol. 2, 479 to 482 ; Attorney General *v.* Hamilton, 1 Madd., 214 ; Bradshaw *v.* Fane, 3 Drew., 534 ; M'Queen *v.* Farquhar, 11 Ves., 467 ; Pars. on Cont., vol. 2, 210, 211 ; Story Eq. Jur., §§ 95, 175, 176, 177. There was no power from either source, and it was impossible to separate the parts, making the whole void. There was no conveyance by Pearce of the legal title. The trust would be personal, and could not be delegated. Hence the beneficiaries held, after the attempted partition, the same interests as before, as tenants in common. Story's Eq. Jur., §§ 95, 105, 106, 176, 177, 178 ; Jarman on Wills, vol. 1, 390, 391-2, 393, 409 ; Story's Eq. Jur., § 1087, 1089, 1092 ; Melick et ux. *v.* Darling, 11 Ohio, 343–350 ; Stratton *v.* Best, 1 Ves. Jr., 285 ; Roper on Legacies, 1591 ; Story's Eq. Jur., §§ 179, 181, 511, 512, 514. The enjoyment of the property devised was contingent to the children, being in reversion after the trustees' life estate, and who might have survived them. Roper on Legacies, 1032–1036 ; Story's Eq. Jur., § 1122 ; Gilliam *v.* Brown, 43 Miss., 642.

*F. & L. B. Valliant*, for the appellees :

This special branch of chancery jurisdiction is well defined by this court in the case of Huntington *v.* Allen, 44 Miss., 654. The court say : " He who comes into equity to get rid of a legal title,

which is alleged to overshadow his own title, must show clearly the validity of his own title, and the invalidity of his opponent's, nor will equity set aside the legal title on a doubtful state of case." As a general rule a trustee cannot appoint an agent to perform the trust, no more can minors appoint an agent to convey lands for them. Livingston *v.* Livingston, 3 Johns. Ch., 148 ; Livingston *v.* Newkirk, id., 312; Champion *v.* Brown, 6 id., 398 ; Lomax on Executors., vol. 2, p. 444. Such transaction would not create a resulting trust. 2 Johns. Ch., 405 ; Gee *v.* Gee, 3 Geo., 190.

If there is any doubting complainant's title, or any substance in defendant's title, the bill will not be entertained upon the hearing. Orton *v.* Smith, 18 How., 263; Toulmin *v.* Heidelberg, 32 Miss., 268 ; Kerr *v.* Freeman, 33 id., 296 ; Huntington *v.* Allen, 44 id., 654. The jurisdiction is ended when the cloud is removed, and the court will not decree an account of rents. Ezelle *v.* Parker, 41 Miss., 520; Howcott *v.* Collins, 23 id., 398. What a chancery court would have compelled a trustee to do, he may lawfully do, without being coerced. Story Eq. Jur., §§ 979, 1267.

Peyton, C. J., delivered the opinion of the court.

This was a bill filed by the appellants against the appellees, to remove a cloud from the title of Mrs. Phelps to certain lands therein specified, and to recover the rents, issues and profits thereof.

The cloud sought to be dispelled by the bill arises from the will of Henry G. Vick, by which he devises the lands in controversy to Helen S. Johnstone, who became the wife of George C. Harris. The validity of this devise depends upon a partition of property made between Henry W. Vick and Henry G. Vick, in the year 1858, upon which the lands in controversy in this suit were conveyed by the said Henry W. Vick, as trustee, to the said Henry G. Vick.

This partition was made on the part of Henry W. Vick, under a power conferred by the deed of Sarah Vick, his wife, upon him to "sell and exchange" the property therein described, and by the

will of G. J. Vick, by which the said Henry W. Vick is appoint-
ed and constituted trustee for his children, to whom he devises and
bequeaths his property, with full power to dispose of all or any
portion of the property which falls to the children of the said.
Henry W. Vick.

The appellants assail the validity of the partition, on the ground.
of the want of power in the trustee, Henry W. Vick, to make it,.
and insist that it was an act on his part, *ultra vires*, and therefore
null and void, and seek in their bill of complaint to have it so de-
clared by the court.

By the deed of Sarah Vick, and the will of G. J. Vick, the said
Henry W. Vick became entitled, as trustee, to all the lands in
controversy in this suit, and whether said deed and will conferred
the power to make the partition presents a grave question of con-
struction not without difficulty in its solution.

As to so much of the lands as came from G. J. Vick, there can
be no doubt of the power to make the partition. But whether·
the power "to sell and exchange" authorizes a partition is a ques-
tion upon which great legal minds and able jurists have differed.

Lord Chancellor THURLOW was of opinion in the case of Abell.
*v.* Heathcote, 4 Brown's Ch., 277, that a power to sell or exchange·
authorizes the making of partition. In the case of M'Queen *v.*
Farquhar, 11 Ves. Jr., 476, Lord ELDON, in alluding to the case·
of Abell *v.* Heathcote, said: "I am not called upon to decide
whether a power of exchange can well be executed by partition,
a point, which, if it had been decided by that case, I would not.
disturb." This implies a doubt in his mind as to the decision in
that case, but it clearly shows that he would have acquiesced in·
such a decision.

Sugden, in his valuable work on Powers, says: "It has fre-
quently been a question amongst conveyancers whether the usual
power of sale and exchange does not authorize a partition, and
several partitions have been made by force of such powers, under·
the direction of men of eminence." And Mr. Fearne, who must.
be conceded to be high authority, thought that the power did au-

thorize a partition, on the ground that the partition was in effect an exchange. 2 Sugden on Powers, top page 428. And Lord ROSSLYN considered the power to sell or exchange well executed by a partition. 2 Sugden, 428. The power to exchange must be understood to include the power of conveying an undivided interest in the whole of the estate in return for a sole or separate interest in a divided part of the estate, or in other words to make a partition. And although a power of sale does not authorize a partition, yet it is believed that a power to exchange is well executed by a partition.

It is further objected, that Pearce, the cotrustee, should have joined in the partition. This position would be sound in cases of trustees who take an equal power under the instrument creating the trust. But in this case a special power is given by the deed of Sarah Vick to Henry W. Vick, to sell and exchange the land conveyed by her in the deed, which is not given to Pearce, and to effectuate her intention, this power must be exercised by her husband, Henry W. Vick, alone, in whom she had the most unlimited confidence, and to whom, therefore, she gave this greater power, as the acting trustee.

After an examination of the authorities, we are led to the conclusion that the partition is a valid execution of the power, and we are strengthened in this conclusion by a knowledge of the fact that it was the result of the advice of eminent counsel.

Bills to remove a cloud from a title may fall under the head of relief, *quia timet;* they may occasionally be properly classed under bills for the surrender and cancellation of void instruments. The principle upon which these bills are based is simply, that it is inequitable that a party in possession should be embarrassed by having hanging over him a hostile claim, which, although not actively asserted, and not of any validity, is nevertheless calculated to affect the marketability of the title.

This jurisdiction of equity cannot properly be invoked to adjudicate upon the conflicting titles of parties to real estate. That would be to draw into a court of equity from the courts of law,

the trial of ejectments.  He who comes into a court of equity to get rid of a legal title, which is allowed to cast a shadow on his own title, must show clearly the validity of his own title, and the invalidity of his opponent's.  Banks *v.* Evans, 10 S. & M., 62, and Huntington *v.* Allen, 44 Miss., 662.  Nor will equity set aside the legal title on a doubtful state of case.  The complainant, to enable him to maintain such a suit, must be the real owner of the land, either in law or equity.

Had the defendant Mrs. Harris derived her title to the property in controversy, even from a doubtful exercise of power, that of itself would be sufficient to preclude the complainants from a resort to equity, upon the well settled principles above laid down.  The proper forum to try titles to land is a court of law, and this jurisdiction cannot be withdrawn at pleasure, and transferred to a court of equity under the pretense of removing clouds from title.

There can, however, be no doubt that a court of chancery has the undoubted right to have deeds or other evidence of title, constituting a cloud, doubt or suspicion over the title of the rightful owner of any real estate in this state, canceled, and such cloud, doubt or suspicion thereby removed, in a case properly before it for that purpose.  But the special limited jurisdiction conferred by the statute does not draw to it the incidental powers which belong to a court of chancery in the exercise of its general jurisdiction, but must be restricted to the special cases and particular relief contemplated by the act.  Hence the jurisdiction to remove clouds, doubts and suspicions from over the title of the rightful owner of real estate, conferred by the statute upon the court of chancery, does not, as incident to it, authorize that court to take jurisdiction of the whole controversy in relation to the title to the land, the right of possession, the rents, issues and profits, and thus usurp the jurisdiction belonging to the courts of law.  Ezelle *v.* Parker, 41 Miss., 526 and 527.

It will thus be seen that this jurisdiction is limited to the removal of the cloud, and can grant no further relief.

Upon the whole, we think the court was right in dismissing the bill of complaint.

The decree must, therefore, be affirmed.