M. T. WOFFORD v. R. E. BAILEY ET AL.

1. CHANCERY JURISDICTION. *Removal of clouds. Remedy at law.*
  A bill in chancery can be maintained by the real owner of land, against
  a person in possession, under Code 1871, § 975, to cancel a void tax-
  deed and a title-bond from one who never had title.

2. SAME. *Writ of assistance.*
  The jurisdiction under the statute is exhausted when the clouds on the
  title are removed, and the court cannot put the complainant in pos-
  session of the land.

3. RES ADJUDICATA. *Bill to remove clouds. Ejectment.*
  In the action of ejectment to which the complainant must resort to ob-
  tain possession of the land, the defendant may set up any title which
  he has other than that adjudged void in the chancery proceeding.

APPEAL from the Chancery Court of Sumner County.

Hon. R. W. WILLIAMSON, Chancellor.

The only error assigned by the appellant is the action of the
court below in overruling his demurrer which was to the whole
of the appellees' bill of complaint.

*Beall & Critz*, for the appellant.

This case involves a construction of Code 1871, § 975. That
statute was not designed to draw into the Chancery Court
contests as to legal titles. *Carlisle* v. *Tindall*, 49 Miss. 229.
Ejectment suits are not of equitable cognizance. *Huntington*
v. *Allen*, 44 Miss. 654. Nor was the law court to be deprived
of the right to try such cases. *Griffin* v. *Harrison*, 52 Miss.
824. If this bill can be maintained, the action of ejectment is
useless. *Glazier* v. *Bailey*, 47 Miss. 395.

*Martin & Bates*, for the appellees.

The wrong complained of can be more fully redressed in
equity than at law, and the court has jurisdiction. Code 1871,
§ 975 ; *Ezelle* v. *Parker*, 41 Miss. 520 ; *Carlisle* v. *Tindall*, 49
Miss. 229 ; *Shivers* v. *Simmons*, 54 Miss. 520. The complain-
ants, the rightful owners of the land, seek to remove an
apparent legal title, which is in reality nothing but a cloud.
*Huntington* v. *Allen*, 44 Miss. 654. It is no contest between
legal titles. *Handy* v. *Noonan*, 51 Miss. 166. When jurisdic-
tion has attached, the court will proceed to grant full relief
by putting the real owners in possession.

CHALMERS, J., delivered the opinion of the court.

The bill alleges that the complainants are the real owners of the land in controversy, by descent from their father, and that the defendant is in possession under a title-bond from one who had no title, and also under a void tax-deed. It seeks to have the tax-deed and title-bond cancelled as clouds upon their title, and asks for a writ of assistance to recover possession. The principal point of demurrer is to the alleged want of jurisdiction in a court of chancery, because of the existence of a complete remedy by action of ejectment at law. Under the broad provisions of § 975 of the Code of 1871, the bill is maintainable in so far as it seeks a cancellation and removal of the title-bond and tax-deed as clouds, but is not maintainable in so far as it seeks possession of the land. The Chancery Court has no jurisdiction to award possession in this class of cases. The jurisdiction under the statute is exhausted when the particular muniments of title specified in the bill have been cancelled. Recourse must be had to a court of law to obtain possession; and in the action at law the defendant may set up any title he may have to the land other than that adjudged void in the chancery proceedings. *Ezelle* v. *Parker*, 41 Miss. 520.

*Decree affirmed.*