## LOVE *v*. BRYSON.

### Opinion delivered April 29, 1893.

1. *Innocent purchaser—Knowledge of unrecorded deed.*

   One who purchases land with knowledge of a prior unrecorded deed, or with information which would naturally have suggested inquiry and led to such knowledge, is not an innocent purchaser.

2. *Cloud on title—Mortgagee may sue to remove.*

   A mortgage of land is a sufficient title upon which to base a suit to quiet title thereto, preparatory to a sale under the mortgage, against a person wrongfully asserting title to the land.

3. *Cloud on title—Jury trial.*

   Under the act of March 26, 1891, authorizing suit to be brought in equity to remove a cloud upon title to land by any person

claiming title, whether in actual possession or not, against any person claiming an adverse interest therein, whether in actual possession or not, *held,* that if the defendant, claiming to be in actual possession, has a constitutional right to have the issue as to possession tried by jury, the right is waived by going to trial without demanding a jury.

Appeal from Yell Circuit Court in Chancery, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

Love brought ejectment against Bryson to recover a forty-acre tract of land. His claim of title was that, on April 19, 1889, Carpenter executed to him a mortgage, which was duly acknowledged and recorded; that at that date Carpenter was owner and in possession of the land by absolute deed from Gatlin executed in 1888, which deed was never recorded and was never in plaintiff's possession; that, on August 13, 1890, defendant with knowledge of plaintiff's deed, took a deed from Gatlin. The prayer was that defendant's deed be cancelled as a cloud on plaintiff's title.

The answer averred that defendant purchased in good faith and for a valuable consideration.

The weight of evidence was that defendant purchased with notice of plaintiff's title. Over defendant's objection plaintiff was permitted to prove by R. C. Bullock, an attorney, that, in a conversation with defendant, he had advised him that the property belonged to plaintiff, and that he (witness) was acting as attorney for plaintiff in the sale of the land. There was evidence from which it might be inferred that plaintiff had foreclosed his mortgage and purchased the property before this suit was brought, the testimony of plaintiff upon this point not being clear.

The court found the issues of law and fact for defendant. Plaintiff has appealed.

*Davis & Bullock* for appellant.

1.   When a deed is proven to have been executed, and its loss, destruction or inability to produce it established, parol evidence is competent to establish its existence.   45 Ark. 81 ; 108 U. S. (L. Co-op. ed., book 27), bot. p. 641.   The evidence shows a deed from Gatlin to Carpenter prior to the purchase by appellee.

2.   Appellee had notice of said deed or of facts sufficient to put him on inquiry.   Mansf. Dig. sec. 671 ; 12 S. W. Rep. 288 ; 4 Kent, Com. (12th ed.), 457 ; Wade on Notice (2d ed.), sec. 251, p. 141 ; Devlin on Deeds, secs. 719–20 ; *ib.* secs. 23, 24, pp. 16 and 17.

3.   The evidence of Bullock was competent.   56 Hun, 575; 31 N. Y. S. Rep. 914 ; 3 N. W. Rep. 891.

4.   The court had power to cancel the deed.   44 Ark. 436.

5.   This court will reverse on a clear preponderance of evidence.

6.   The recovery or destruction of an unrecorded deed does not revest the title.   21 Ark. 80.

*W. D. Jacoway* and *Robert Toomer* for appellee.

1.   The court had no jurisdiction.   Plaintiff was not in possession, and the land was not unoccupied.   27 Ark. 234 ; 44 *id.* 436.   The proof shows that appellant had no title, legal or *equitable.*

2.   The evidence is not sufficient to break down a valid record title, nor does the *bona fides* of the transaction point to Love as an innocent purchaser.   Gatlin had been in possession for years, and yet Love made no enquiry by what right he held.   47 Ark. 540 ; 16 *id.* 340 ; *ib.* 543 ; 37 *id.* 195.

3.   The proof utterly fails to show notice was ever brought home to appellee.   Mansf. Dig. sec. 671 ; 49 Ark. 217 ; Jones on Mortg. (3d ed.), vol. 1, sec. 576 ; *ib.* sec. 179 ; Tiedeman on Real Prop. sec. 289.   See also as

to notice, 1 Devlin on Deeds, par. 713, note 2, 714, 718 ; 28 Ark. 167 ; 1 Jones, Mortg. (3d ed.), par. 456 ; 40 Ill. 537.

4. Bullock's testimony was incompetent. He was appellee's attorney and confidential adviser. 33 Ark. 771.; 21 *id.* 387 ; Mansf. Dig. sec. 2859 ; Gr. Ev. (13th ed.), vol. 1 par. 236, *et seq*.

**1. Purchaser with knowledge of another's title not innocent.** COCKRILL, C. J. The preponderance of the evidence is to the effect that Gatlin executed and delivered to Carpenter a deed to the forty-acre tract in question, and that the defendant Bryson knew that fact, or, what in legal effect is the same thing, had information which would naturally have suggested inquiry which would have led to the knowledge of its execution. That is true, even without Bullock's testimony. Bryson can take nothing therefore by the conveyance as against Love.

**2. Mortgagee may sue to remove cloud.** 2. Love has the legal title. If he did not purchase under foreclosure of his mortgage by the trustee, as he alleged in his complaint, his title as mortgagee remained intact. Upon that title he could maintain ejectment or a suit to quiet title preparatory to a sale under the mortgage.

**3. Right of jury trial.** 3. The complaint alleged that the plaintiff was in possession of the land in suit. The answer denied the allegation. The evidence tends to prove that the defendant was in possession. What effect should that have on the result? The act of March 26, 1891 (Acts 1891, p. 132) governs this suit. The first section is as follows : ''An action may be brought and prosecuted to final decree, judgment or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons, whether in actual possession or not, who claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate.'' Similar acts have been construed by the courts of other

States, and their effect upon the jurisdiction of the Federal courts has been passed upon by the Supreme Court of the United States.

In Mississippi and Indiana it is held that such acts authorize the real owner who is out of possession to resort to equity to cancel an illegal claim of title held by a defendant in possession. *Wofford* v. *Bailey*, 57 Miss. 239; *Paxton* v. *Valley Land Co.* 67 *id.* 96; *Ragsdale* v. *Mitchell*, 97 Ind. 458, 461. In the former State it is held, however, that the jurisdiction of equity is exhausted when the cloud on the true title is removed, and that the complainant must resort to his action at law for possession. *Wofford* v. *Bailey*, 57 Miss. *sup.*

The Iowa court, under a similar statute, justifies the resort to equity under such circumstances and awards possession in the chancery suit. *Lewis* v. *Soule*, 52 Iowa, 11; *Lees* v. *Wetmore*, 58 *id.* 170.

In California it is held that such an act cannot deprive a 'defendant in possession of the constitutional right of trial by jury merely by calling the action equitable. *Donahue* v. *Meister*, 88 Cal. 121. See to the same effect the Pennsylvania cases cited in *Donahue* v. *Meister*. In California it is said that the suit is not strictly equitable but is statutory, and it is the practice there for the court sitting in equity to frame an issue upon the question in reference to which the right of jury trial exists, and submit it to a jury. Upon the verdict of the jury the court acts by dismissing the bill or by adjudging the equitable issues. *Donahue* v. *Meister*, 88 Cal. *sup.* The Supreme Court of the United States regard the acts as conferring jurisdiction upon the federal courts of equity in the States where they are in force to the extent of allowing the bill to be filed by a plaintiff not in possession where the lands are unoccupied. *Holland* v. *Challen*, 110 U. S. 15; *Whitehead* v. *Shattuck*, 138 *id.* 146.

38

Under the limited rule applied in that court, it is apparent that the simple denial of the plaintiff's allegation of possession would not be an answer to the complaint, for a plaintiff out of possession may maintain the suit. If the defendant had alleged that he himself was in possession when the plaintiff's suit was instituted, and that issue had been resolved by a jury in his favor, it would not have been cause for dismissing the action, as under the California practice, because the second section of the act of 1891 clearly indicates that proceedings are to be had in the pending suit to settle the question of title, rather than in a new suit thereafter to be brought.

Conceding, without deciding, that the defendant in this case had a constitutional right to a trial by jury of an issue of fact, it is sufficient to say that he waived it by voluntarily submitting to a trial of all the issues by the court sitting in equity, without making an effort to obtain a jury trial. If, therefore, it should be found in this case that the defendant was in possession, the decree should not be reversed for that reason.

The act of 1891 has been amended, pending this appeal, by an act of April 4, 1893, which endeavors to point out how the trial by jury may be obtained.

The court erred in finding for the defendant. Reverse the decree and remand the cause with directions to enter a decree for Love cancelling the deed from Gatlin to Bryson to the forty-acre tract in dispute.

It is so ordered.