## Hayes *v.* Bishop.

Opinion delivered December 8, 1919.

1. TRIAL—RIGHT TO TRANSFER TO LAW—WAIVER.—The right to have a suit in equity transferred to the circuit court is waived by failure to make request therefor.

2. JUDGMENT—CONCLUSIVENESS.—A decree in partition which did not purport to adjudicate finally the rights of the parties, but merely furnished the basis of settlement, did not bar a subsequent action to recover payments made in excess of those required under the decree by reason of accident, oversight or mistake.

Appeal from Washington Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

*Walker & Walker* and *W. N. Ivie,* for appellant.

1. This is a suit for money had and received and cognizable only in a court of law, and the chancery court had no jurisdiction. 89 Ark. 385; 85 *Id.* 439.

2. There is not sufficient evidence or facts in the record for this court to go behind the settlement made. 15 Ark. 51; 101 *Id.* 335; 75 *Id.* 266. No offer to refund was made. 62 *Id.* 274; 74 *Id.* 270. There was no clear and satisfactory evidence of fraud or mistake. 88 *Id.* 363.

*O. P. McDonald,* for appellee.

1. The court had jurisdiction. The demurrer did not raise a jurisdictional question that is prohibited by law. It was waived by failure to move to transfer. 28 Ark. 458; 32 *Id.* 562; 31 *Id.* 411; 102 *Id.* 326-7.

2. The first decree is not *res judicata* and does not bar the present suit. 117 Ark. 360; 1 *Id.* 391; 10 *Id.* 339; 34 *Id.* 128; 25 *Id.* 429. The order made by the court was not final but interlocutory. 83 Ark. 189.

3. Equity had jurisdiction to correct or relieve against mistake or accident. 40 Ark. 393; 45 *Id.* 505; 38 *Id.* 283; 40 *Id.* 602. Or where complicated accounts are involved. 102 *Id.* 326; 48 *Id.* 426-433-4-5.

We do not attempt to reopen or modify the interlocutory decree but desire it carried out. The decree is right and should be upheld.

SMITH, J. Appellant is the sole heir at law of W. W. Bishop, who died intestate in Washington County, August 13, 1916, leaving the appellee surviving him as his widow and the stepmother of appellant. Bishop owned at the time of his death real estate of the value of fifteen thousand dollars and personal property worth between two and three thousand dollars, and owed between four and seven hundred dollars in unsecured debts. The widow was appointed administratrix and took charge of all the property and was administering the estate when suit was filed by appellant in the chancery court, praying a partition and division of said estate. An answer and

cross-appeal was filed by the widow in which she alleged that the estate was largely indebted to her for advances made to said estate. This litigation was settled by a stipulation in writing which was incorporated into and made a part of the decree entered in that cause. It was there recited that the parties were each to quitclaim to the other certain lands owned by Bishop at the time of his death.

In regard to the personal property the stipulation was as follows: "Mrs. Annie Bishop is to have one-third of all the personal property belonging to the estate of W. W. Bishop after the payment of all debts of the estate of W. W. Bishop, among which are the following: One hundred dollars borrowed of the First National Bank by Mrs. Bishop, and paid by her; fifty-five dollars paid by her for burial lot; twenty-five dollars and twenty-five cents paid by her for repairs on Ladd building; feed bill paid by her, sixteen dollars and forty cents; one hundred ninety-four dollars and fifty cents paid by her to J. F. Moore for funeral expenses; one hundred dollars, attorney's fee, to be paid O. P. McDonald, attorney for administratrix; and not to exceed one hundred fifty dollars to be paid to Mrs. Annie Bishop for all fees and allowances as administratrix of W. W. Bishop.

"It is understood that all rents due, whether paid or unpaid, up to and including December 12, 1916, are to be treated and considered as part of the personal property of said W. W. Bishop; it is understood and agreed that Mrs. Rebecca Cloer is to have as her absolute property her father's desk and that Mrs. Annie Bishop is to have the little cot, both of which are in the office of the deceased. It is also understood that Rebecca Cloer is to pay to the estate of W. W. Bishop all rent due for the house in which she is now living, amounting to about $100.

"It is also understood that all personal property, including bank stock, except such household goods as Mrs. Annie Bishop desires to retain at the invoice or at an agreed price, agreed upon between the parties, is to be

reduced to cash, and that the estate shall be settled up and proceeds divided within thirty days from this date.''

It will be observed that this decree, instead of finally settling the respective rights of the litigants in this estate, merely furnished the basis for such settlement, and pursuant to its provisions the parties—accompanied by their respective attorneys—met to make a settlement on the basis recited in the decree.

Thereafter the present suit was filed, in which the matters above stated were recited, and it was there alleged that on casting up the accounts appellee was charged as administratrix with the sum of $2,655.82 and was given credits aggregating $1,308.52. It was there further alleged that ''appellee was entitled to $150 inheritance tax, and $100 due from appellant as rent, and $102.50 paid out by appellee for nurse help and other expenses as additional credits, thereby making a total credit of $1,661.02; but that said appellee should be charged with $50 which she had received credit for to be paid Rice & Dickson, as attorney's fee, which she did not have to pay, but alleged that by oversight and mistake these additional credits and charges were not made in said settlement, and that by such mistake and oversight she had overpaid the appellant herein in the sum of $138.55; that she had paid her $841.75 when there was only due her, if the same had been correctly figured, the sum of $703.20.'' Judgment for this overpayment was prayed.

Appellant demurred to this complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and because the court had no jurisdiction of the subject-matter. This demurrer was overruled, whereupon an answer was filed alleging that the matters set up in the complaint had been adjudicated and settled by the former decree, and further alleging that in the final settlement appellee had failed to pay her the full amount coming to her under the settlement and that there was a balance of $83.33 due her, for which she prayed judgment.

The cause was submitted on the pleadings and the depositions of the parties. Appellee identified Exhibit "B" to her complaint as the settlement between the parties made pursuant to the first decree and testified that prior to the signing of said Exhibit "B" there was another agreement, which is designated Exhibit "D," with reference to the inheritance tax and which contained a recital of the demands against the estate together with the bank deposits which had been made to its credit.

There was also offered in evidence a writing designated as Exhibit "C," which had been signed by the parties and reading as follows: "It is stipulated and agreed that, out of the personal estate going to Mrs. Cloer under settlement this day made, Mrs. Annie Bishop, administratrix, is to retain in her possession the sum of $150 to be applied on that part of inheritance tax due from Rebecca Cloer on the estate of her deceased father, W. W. Bishop; in the event that this amount is not sufficient to cover that portion of inheritance tax due from Mrs. Cloer, Mrs. Cloer is to pay any excess over and above said amount; and in the event that it does not require all of said amount to pay Mrs. Cloer's part of said inheritance tax, Mrs. Bishop is to refund to her the excess remaining in her hands.

"It is further stipulated that should any debts be probated against the estate of W. W. Bishop, deceased, other than those agreed upon and allowed and set forth in the partial stipulation agreed upon this date, that the same are to be paid by Annie Bishop and Rebecca Cloer, Mrs. Bishop to pay one-third and Mrs. Cloer to pay two-thirds.

"Dated this 19th day of December, 1916."

Appellee further testified that on the 19th of December, 1916, pursuant to the settlement made that day, she paid the appellant the sum of $841.75, and that said payment was excessive in the sum sued for and that this excess was paid as the result of a mistake made by appellee's attorney in incorrectly figuring the accounts between the parties.

Appellant testified that the balance represented by the check given her was arrived at after an extended conference and the check was received as payment in full of her part of the personal estate after all the claims had been settled.

The court found the fact to be that in making the settlement pursuant to the decree on the stipulation, "by accident, oversight and mistake, the said Annie Bishop paid to the said Rebecca Cloer the sum of $104.23 more than the amount which was due her," and that she should recover the sum so overpaid.

It is first insisted as ground for the reversal of the decree that this is a suit for money had and received and, therefore, cognizable only in a court of law. But no request to have the cause transferred was made, and, in the absence of that request, appellant will be held to have waived the right to ask for a trial at law of the issues raised. *Goodrum* v. *Merchants & Planters Bank,* 102 Ark. 326.

We think the first decree is no bar to the present suit, for the reason that it did not purport to adjudicate finally the rights of the parties, but contemplated the settlement subsequently made pursuant to its terms.

It is said appellee should not be permitted to recover here because she does not offer to return the benefit she obtained in this settlement, and that this is not a suit to set aside the settlement on the ground of fraud, accident or mistake, but simply a suit for money had and received. As has been said, this is not a suit to set aside a former decree, but is one to recover a sum alleged to be due upon a correct settlement under its terms. The court found that in making the settlement "by accident, oversight or mistake" an excessive payment was made; and we think appellee had the right to sue to recover this excess, and as the correctness of the amount of the alleged excess as found by the court is not disputed the decree will be affirmed.