McILVENNY v. HORTON.

5-1210                                    302 S. W. 2d 70

Opinion delivered May 13, 1957.

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*Wade & McAllister,* for appellee.

J. SEABORN HOLT, Associate Justice. This was a suit by William M. Horton and wife, sellers, against Michael McIlvenny and wife, buyers, to recover $1,200 for an alleged breach of contract for the sale of real estate in Washington County. Trial was had in the Washington Chancery Court July 18, 1956, and at the close of appellees' proof, appellants demurred, challenging the sufficiency of appellees' evidence,—under the provisions of § 27-1729 Ark. Stats. 1947. The court overruled the demurrer. Appellants elected to stand on this demurrer, refused to offer proof or to plead further, whereupon the court entered a decree in favor of appellees for the full amount claimed, $1,200, plus interest and costs. This appeal followed.

For reversal appellants rely on two points: "1. The Chancery court lacks jurisdiction over the subject matter of the cause . . . 2. The Vendors are not entitled to recover deposit made with escrow agent by

vendees where vendee breached contract, vendors accepted breach, and showed no damage nor agreement that the deposit was liquidated damages.''

## No. 1

The answer to appellants' contention that the court lacked jurisdiction is that they did not question jurisdiction. The record reflects that they did not ask that the cause be transferred to law, in fact, it appears that they asked affirmative relief in their answer, in which they prayed: ''. . . that the plaintiffs complaint be dismissed; that the $1,200 be paid over to these defendants and that they have judgment against said plaintiffs in the sum of $500 for compensatory damages, and $500 for punitive damages.'' Clearly, we think, they have waived any right to ask for a transfer to law. We said in the case of *Love* v. *Bryson*, 57 Ark. 589, 22 S. W. 341, ''Conceding, without deciding, that the defendant in this case had a constitutional right to a trial by jury of an issue of fact, it is sufficient to say that he waived it by voluntarily submitting to a trial of all the issues by the court sitting in equity, without making an effort to obtain a jury trial.'' Also, in *Hayes* v. *Bishop*, 141 Ark. 155, 216 S. W. 298, we said: ''. . . no request to have the cause transferred was made, and, in the absence of that request, appellant will be held to have waived the right to ask for a trial at law of the issues raised.''

## No. 2

On May 14, 1955, appellees, Horton and wife, and appellants, McIlvenny and wife, entered into a written contract under the terms of which appellees for a consideration of $7,500 agreed to sell to the McIlvennys certain real estate in Washington County. This contract, among others, contained these provisions: ''The buyers (appellants) promise to deposit Twelve Hundred Dollars ($1,200) of the purchase price and promise and agree to deposit the balance of the said purchase price in the sum of Sixty-three hundred Dollars ($6,300) within thirty (30) days after date. . .

"In the event of a default by the seller (Hortons) to fully perform this agreement, the Escrow Agent shall return the money deposited hereunder to the Buyer, but said return of money so deposited shall not release the said Sellers from their liability for breach of contract.

"In the event of a default of performance of this agreement by the buyers the said deed, together with the abstract of title shall be returned to the seller and the money deposited hereunder shall be returned to the sellers and this contract shall become null and void." (initialed) B.M.H., M.P.Mc, A.Mc

It appears that appellants (buyers) did not question the title to the property, but after placing the $1,200 in escrow with the bank as earnest money breached the contract and refused to go through with the deal. Appellee, Horton, testified that appellees (sellers) had fully complied with all the terms of the contract and were ready, able and willing to deliver possession to the buyers upon payment of the balance of the purchase price. He further testified that the initials on the contract opposite the provision striking out the word "buyers" and substituting "sellers", along with other signatures on the contract, were already on it when he signed the contract. Appellants offered no testimony to contradict Mr. Horton.

Was the provision, that the $1,200 deposit be made by appellants, intended to be a penalty or a stipulation for liquidated damages? If the former, it was not enforceable. This question is one of fact, and must be determined by the facts presented. The test in a situation such as is presented here is announced in *Wait* v. *Stanton & Collamore,* 104 Ark. 9, 147 S. W. 446, in this language: "Usually, the surest test of liquidated damages is where the actual damages caused by the breach would be uncertain and difficult of proof, and the sum stipulated appears to be reasonable compensation for the injury occasioned by the failure to perform the contract. The purpose for permitting such stipulation for damages as compensation is to render definite and certain that which appears to be uncertain and not eas-

ily susceptible of proof. But the damages so stipulated for must be such as to amount to compensation only, and not so excessive or unreasonable as to amount purely to a penalty without being confined to the elements of fair compensation.

"The authorities, however, show that where the intention to liquidate the damages is not obvious, the stipulated sum will be given the effect of a penalty if it exceeds the measure of a just compensation and the actual damage sustained is capable of proof (citing authorities). But where the contract is of such a nature that the damage caused by its breach would be uncertain and difficult of proof, the sum named by the parties is generally held to be liquidated damages if the form and language of the instrument are not unfavorable to that construction and the magnitude of the sum does not forbid it.

"Upon the whole, the general observation we can make is that in each case we must look at the language of the contract, intention of the parties as gathered from all its provisions, the subject of the contract and its surroundings, the ease and difficulty of measuring the breach in damages, and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case.

"Guided by the principles above announced, it will be seen that each case must be decided according to its own peculiar facts."

We think that here it was intended by the parties, and that the contract, in effect, provided for a penalty. The damages sustained, however, by appellees are ascertainable and when all facts are considered the amount agreed upon ($1,200—16% of the purchase price) to be paid as a penalty or forfeiture was out of all proportion to the probable damages, and, as indicated, should be construed as a penalty and not liquidated damages. The undisputed testimony, however, shows that the Hortons, as a result of appellants' breach of the contract, have been required to expend $460, itemized as follows:

Greer Abstract Company $46.25, Revenue Stamps $8.25, E. J. Ball $5.00, Escrow Fee $3.50, Ovid Hiveley $375 (real estate agent), Survey $22. Total $460.

Although, as indicated, the case was decided on demurrer to the evidence, it was incumbent on the plaintiffs to prove, as an essential part of their cause of action, that the contractual provision sued upon represented liquidated damages and not a penalty. As indicated by the *Wait* case, *supra,* the test is whether the sum stipulated bears a reasonable relationship to the actual damages sustained. This is a matter that lies peculiarly within the plaintiffs' knowledge and means of proof. To require the defendants to assume the burden of proving that the plaintiffs' actual damages do not bear a reasonable relation to the stipulated sum would impose upon them the difficult, if not impossible, burden of proving the negative.

Despite the fact that the contract provided for a penalty, the appellees are entitled to recover their actual damages. *Stillwell* v. *Paepcke-Leicht Lbr. Co.,* 73 Ark. 432, 84 S. W. 483, 108 A. S. R. 42; *Dilley* v. *Thomas,* 106 Ark. 274, 153 S. W. 110. Viewing the evidence in its light most favorable to the plaintiffs, as we must (*Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225), the proof shows that the appellees' recovery must be limited to their actual damages of $460. The chancellor correctly overruled the demurrer to the evidence, for the plaintiffs did not entirely fail to establish a cause of action, but there is no substantial evidence to support a recovery in excess of $460. The judgment is therefore reduced to that amount, plus six per cent interest from July 18, 1956, and as so modified is affirmed. Costs of this court and the trial court are assessed against appellants.