BANK OF PANGBURN *v.* TATE.

Opinion delivered January 31, 1921.

1. ATTACHMENT—WRIT ISSUED WITHOUT SERVICE.—An order sustaining the attachment of an equitable interest in land, made without either personal or constructive service upon the defendant, was void.

2. ATTACHMENT — ADDITIONAL WRITS — NECESSITY OF SERVICE.—Constructive service in an action in which an attachment was levied on personal property could not be made the basis of service in a subsequent attachment proceeding against realty, as additional writs can not be issued and property seized thereunder sold without new service.

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Parties can not treat an issue as joined by the pleadings and, after trying it out, raise the question for the first time on appeal that the pleadings did not present the issue joined.

Appeal from White Chancery Court; *J. E. Martineau,* Chancellor; reversed.

*Brundidge & Neelly,* for appellant.

The claims of appellant were prior to and paramount to that of the intervener, W. D. Tate, because (1) the agreed statement of facts shows that a writ of attachment was issued on December 19, 1919, and levied January 1, 1920, upon Pierce's equity in the property, while appellee's transcript from the justice of the peace court was not filed in the clerk's office until afterward and was never entered on the judgment docket of the circuit court. Appellant's attachment was the prior and paramount lien. 38 Ark. 421; 40 Ark. 129.

*Miller & Yingling* and *W. D. Davenport,* for appellee.

1. The appellant has no right to complain against the decree. He is trying to collaterally attack the judgment of appellee in the justice of the peace court. This can not be done by anyone except the defendant, Pierce. 47 Ark. 31; 63 *Id.* 157; 62 *Id.* 171.

2. Appellee's lien became complete from the time the writ of attachment was levied upon the equity of the defendant. Appellant had notice of this lien December 8, 1919. Here the sale of the lot had already been made, and no sale of the lot is asked. 83 Ark. 419, does not sustain appellant. The statute does not provide that the lien once acquired by the issue and levy of attachment shall be destroyed unless the case is at once docketed on the common-law docket, but simply provides that before the clerk shall have authority to issue an order for the sale of the land under the attachment the cause must be docketed and must show that it is an attachment. This is a proper construction of the statute, as it conforms to art. 7, § 40, Constitution of 1874.

3.   The attachment by appellee of the lot was regular, has the sanction of the law and is not void. An attachment affidavit can be amended, and this was done by the new affidavit.   37 Ark. 560.   These sections are conclusive of the right of appellee to have the second attachment issued and levied. Appellee, in all things, complied with our statutes.   Section 465 is as mandatory as § 6383, and both provide a simple method to reach both real and personal property.   The decree is correct.

HUMPHREYS, J.   This appeal involves the priority of liens growing out of writs of attachment levied upon the equitable interest of J. W. Pierce in lot four, block two, Skillern's addition to Pangburn, Arkansas.   Appellant enforced a vendor's lien note, in the sum of $450, which he had purchased, against said property, on the 28th day of February, 1920.   After paying the indebtedness and costs, there remained in the hands of the commissioner $265.82.

Prior to the institution of the foreclosure suit, appellant had instituted a suit against J. W. Pierce in the White Circuit Court for $1,500 and obtained a writ of attachment, on the 19th day of December, 1919, which was levied upon the equity of J. W. Pierce in said real estate on January 1, 1920.   Based upon this proceeding, appellant filed an intervention in the foreclosure suit for the surplus remaining in the commissioner's hands.

Prior to the institution of either suit, appellee brought an attachment proceeding against J. W. Pierce before a magistrate in said county.   A warning order was issued in the proceeding against J. W. Pierce, who was a nonresident, and the attachment was levied by the constable of the township upon personal property belonging to the said J. W. Pierce.   Pierce made default, the attachment was sustained, and the personal property condemned and sold under an order of court to satisfy appellee's claim, but only sold for sufficient to pay $173.40 thereon, leaving a balance due appellee of $165.58.   On October 28, 1919, after the sale of the personal property, appellee filed another affidavit and pro-

cured the issuance of a writ of attachment on October 30, 1919, which was levied upon the equity of J. W. Pierce in said real estate on December 1, 1919, without publishing an additional warning order. On the return of the writ showing a levy upon the equity of Pierce in said real estate, the attachment was sustained, a transcript of the judgment sustaining the attachment was lodged in the office of the clerk and entered in the lien record of certified judgments, mechanics' liens, etc., but was not docketed on the law docket of the circuit court. Based upon this proceeding, appellee filed an intervention in the foreclosure suit for the surplus aforesaid.

The question of the priority of the judgment-liens was submitted to the court on the interventions of appellant and appellee, together with an agreed statement of facts, in substance heretofore detailed.

The court found that appellee's attachment lien was paramount to that of appellant and decreed that the surplus, or so much thereof as might be necessary, be applied to the payment of the debt due by J. W. Pierce to appellee. From that decree an appeal has been duly prosecuted to this court.

The issuance and levy of appellee's attachment upon the equitable interest of J. W. Pierce in said real estate was prior in point of time to that of appellant's; but it was void for the reason that it was issued and sustained without personal or constructive service upon Pierce. The attachment proceeding in the justice of the peace court by appellee against J. W. Pierce, which was levied upon certain personal property, became a finality with the condemnation and sale of said property. The constructive service obtained in that suit could not be made the basis of service in the subsequent attachment proceeding against the real estate. Writs of attachment can be issued in succession during the pendency of an action and ancillary to it. Additional writs can not be issued and the property seized thereunder condemned without new service, because such a proceeding is clearly in the nature of a new suit. Otherwise, innumerable

seizures and sales of property might be effected without notice, personal or constructive, to defendants in attachment proceedings.

It is contended, however, that no reply was filed to the intervention of appellee. The intervention filed by the respective parties were treated as presenting the issue as to the priority of liens. It is recited in the agreed statement of facts that, "This suit is for the purpose of determining whether the intervener, Tate, is entitled to the surplus aforesaid or whether the Bank of Pangburn is entitled to same." Parties can not treat an issue as joined by the pleadings, and, after trying it out, raise the question for the first time on appeal that the pleadings did not present the issue tried.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.