PYLE *v.* AMSLER, JUDGE.

5-1256                                  301 S. W. 2d 441

Opinion delivered April 29, 1957.

*Talley & Owen* and *William L. Blair,* for petitioner.

*Cockrill, Limerick & Laser, Abner McGehee, Jacob Sharp, Jr.,* for respondent.

PAUL WARD, Associate Justice. The petitioner by this writ seeks an interpretation of the language used in Section 2 of Act 49 of the Acts of 1955, which section is also § 27-1135 of Arkansas Stats. Supp. For the purpose of this opinion the material part of the aforementioned section reads as follows: ''The defense to any complaint or cross complaint must be filed the first day after the expiration of the periods of time set forth below, as the case may be: First. Where the summons has been served 20 days in any county in the State;''

On September 11, 1956, Lakeside School District No. 1 filed a complaint in the Pulaski Circuit Court, Second Division, against the petitioner, J. E. Pyle, seeking damages in the amount of $1,500 for, allegedly, defective workmanship on a certain building. The return on the summons issued against Pyle shows that it was served on September 13, 1956 in Pulaski County.

On October 11, 1956 (no answer or other pleading having been filed by Pyle) the said School District was granted a default judgment against the petitioner by the trial judge, sitting as a jury, in the amount of $1,385.

On October 24, 1956 Pyle filed a motion to set aside the default judgment against him on the ground that he had not been notified by registered mail of the said School District's intention to ask for such judgment.

On November 2, 1956 the trial court entered an order granting the above mentioned motion and setting aside the default judgment theretofore entered. Said order states it was made "during term time." On the same day, November 2, 1956, Pyle tendered an answer, and the court refused to allow it to be filed "for the reason that said answer has not been filed according to the provisions of Section 2 of Act 49 of 1955."

Upon the trial court's refusal to permit him to file an answer Pyle presented his petition to this court for a Writ of Mandamus, asking us to command the respondent, the Hon. Guy Amsler, Judge, to permit him to file an answer to the complaint above mentioned. We are not here concerned with the trial judge's reason for setting aside the default judgment, and need not be since he did so during term time.

The question herein raised has been decided against the petitioner's contention by the decision in the case of *Owen Walden* v. *Charles Metzler, Jr.,* handed down by this court today. Therefore the petition for a Writ of Mandamus is denied.