INTERSTATE FIRE INSURANCE Co. *v.* TOLBERT.

5-2330 343 S. W. 2d 784

Opinion delivered March 13, 1961.

250

*Cockrill, Laser & McGehee,* for appellant.

*Griffin Smith,* for appellee.

PAUL WARD, Associate Justice. This appeal challenges the order of the Circuit Court refusing to set aside a default judgment. The default judgment was taken by appellee (Pete Tolbert) against appellant (Interstate Fire Insurance Company) in the amount of $2,985 plus interest, penalty and attorneys' fee, amounting in all to $3,641.20.

Appellee's complaint, filed on February 18, 1960, alleged that appellant issued two policies to him on August 24, 1959, "one insuring contents and the other the building at 1103 Van Street, North Little Rock, numbered 15695255,56 respectively;" and that "on September 20, 1959 a fire occurred causing total destruction of the building and damage to the contents amounting to $1,485," such loss being insured against under the policies. It was further stated in the complaint that Tolbert had complied with all conditions in the policies applicable to him but defendant had denied liability and refused payment. The prayer was for $1,500 on the building and $1,485 for contents and for statutory penalty, interest, attorneys' fee, and costs. On March 14, 1960, no answer or other pleadings having been filed by appellant, the court granted appellee a default judgment.

For no fault of their own the present attorneys of record for appellant did not know about the default

judgment until four days after it was rendered, but on instructions from appellant's general office in Chattanooga, Tennessee, they promptly filed a motion to vacate the default judgment. This motion and the default judgment were filed during the same court term. It is stipulated that the default judgment was granted without presentation of the insurance policies or any evidence.

In appellant's motion to vacate and in the amendment thereto several grounds or reasons were set forth. The principal ones, briefly stated, were:

(a) Plaintiff's complaint did not state a cause of action.

(b) There was no proper service on appellant.

(c) The court abused its discretion in refusing to set aside the default judgment because of "excusable neglect" on the part of appellant.

(d) The complaint was not verified.

(e) The court did require plaintiff to submit proof, the contents loss not being liquidated.

After hearing testimony on appellant's motion the trial court denied the motion as to liability, but gave appellant an opportunity to submit proof as to the amount of liability. Appellant declined to take advantage of this opportunity, and on June 27, 1960 the court, after hearing such proof by appellee, affirmed the original judgment.

Due to the conclusions hereafter reached, we deem it unnecessary to discuss the last two mentioned points at any length. Conceding that the court should have taken proof on the amount of unliquidated damages before entering the default judgment, it corrected this error by reopening the case for the introduction of evidence on that feature. Also, under Ark. Stats., § 27-1111 a complaint "founded on a . . . written obligation" need not be verified. An insurance policy is, of course, a written obligation.

(a) *The Complaint.* We are not convinced by appellant's strenuous contentions that the complaint failed to state a cause of action. The essential parts of the complaint are heretofore set out. While it may have been subject to a motion to make more definite and certain as to certain features, we do not think it was subject to demurrer under the liberal rule often approved by this court. In *Craft* v. *Armstrong,* 200 Ark. 681, 141 S. W. 2d 39, it was stated: "Moreover, pleadings under the code are liberally construed, and every reasonable intendment is indulged in behalf of the pleader." (Citing cases.) When thus liberally viewed we think the complaint in this case fully advises the insurance company of its contractual obligations to Tolbert, except as to the exact amount thereof, and that feature has heretofore been disposed of. In the case of *Clark* v. *Collins,* 213 Ark. 386, 210 S. W. 2d 505, there appears this statement with reference to a default judgment:

"The default fixed appellant's liability on the cause of action and admits that something is due appellee by reason of the breach of the lease contract. Appellee is entitled to nominal damages whether he introduces any evidence or not, and the amount of the damages is all that he is required to prove, or that appellant is permitted to controvert."

(b) *Proper Service.* The complaint was filed and summons issued on February 18, 1960. Summons was served on Jack Berry, appellant's district manager in Little Rock. The same day Berry mailed the summons to appellant's main office in Chattanooga. According to a notation made by the Clerk of the Court a copy of the complaint was delivered to the "defendant" on February 29, 1960. The motion by appellant to vacate the judgment was filed March 29, 1960.

The trial court held that appellant had been sufficiently served with notice of the pending litigation, and we think rightly so. Service on Berry under the facts in this case was proper under Ark. Stats., § 27-347 and also

§ 27-350. The first mentioned Section, in all material parts reads as follows:

"Any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits . . . and service of summons . . . upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service . . ."

The latter mentioned Section reads:

"Where the defendant is a foreign corporation having an agent in this State, the service may be upon such agent."

Any doubt that the above quoted statutes apply to foreign insurance corporations has been removed by the decisions of this court in *Pacific Mutual Life Insurance Company* v. *Henry*, 188 Ark. 262, 65 S. W. 2d 32, and *Mutual Benefit Health & Accident Association* v. *Kincannon, Judge*, 202 Ark. 1128, 155 S. W. 2d 687. The first case construed C. & M. Digest Section 1151 (same as Section 27-350 above), and C. & M. Digest Section 1152 (same as Section 27-347 above.) The second case construed Pope's Digest Sections 1368 and 1369, which are the same as sections copied above. In both cases the statutes were held to apply to foreign insurance corporations.

(c) *Excusable Neglect.* The trial court specifically found that appellant's failure to plead within thirty days was not due "to excusable neglect or other just cause." If the court had found, with justification, otherwise, then it would have had the discretion to set aside the default judgment under Section 2 of Act 53 of 1957 (Ark. Stats., § 29-401.) However, in this case, there is ample evidence to sustain the court's finding. In fact there is little if any evidence to the contrary. Appellant's own witness, in its general office at Chattanooga, admitted that it received the summons mailed to it by its district agent, and also admits that the delay occurred

in that office. After detailing how such matters were usually handled he stated: "In this case such practice was followed, but for reasons we do not know, there was an unusually long delay."

Appellant also contends that "but for the death of Mr. Brickhouse, appellant's former process agent, a timely answer would have been filed." Granting this might have been the case, still it does not alter the fact that appellant was properly served and that the delay occurred in the general office. We think it is equally true to say that a "timely answer would have been filed" but for the delay in the general office.

Since the trial court correctly found there was no "excusable neglect" it had no discretion or power to allow appellant to file an answer. See: *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439, and *Pyle* v. *Amsler, Judge*, 227 Ark. 785, 301 S. W. 2d 441. So, it would appear to be an idle gesture in this case for the Court to set aside the default judgment. It would in no way benefit appellant.

The judgment of the trial court is therefore affirmed.

Affirmed.

ROBINSON, J. dissents.

SAM ROBINSON, Associate Justice, dissenting. The majority are holding that the neglect of the insurance company to file its answer within the 20 day period is not excusable. As authority for the view expressed there are cited the cases of *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439 and *Pyle* v. *Amsler*, 227 Ark. 785, 301 S. W. 2d 441. Both of those cases were based squarely on Act 49 of 1955, which had no clause authorizing the trial court to set aside a default judgment for excusable neglect of the defendant in filing an appearance. Both the *Metzler* and the *Pyle* case were decided April 29, 1957, which was prior to the time Act 53 of 1957 went into effect. The Act had no emergency clause, and it is this Act, Act 53 of 1957, that gives the trial court the authority

to set aside a default judgment rendered by reason of defendant's failure to answer in proper time.

It is pretty clear to me that the defendant's failure to answer within 20 days was due to the death of Mr. L. L. Brickhouse, who had represented the defendant insurance company for many years prior to his death, which occurred about eight months before this suit was filed. Seemingly the appellant did not know of Mr. Brickhouse's death because he was still listed with the Insurance Commissioner as agent for service for appellant. When the deputy sheriff attempted to serve summons on the Insurance Commissioner, he was told that Mr. Brickhouse was the duly authorized agent for service, so evidently neither did the Insurance Department know of Mr. Brickhouse's death. Appellant cites cases to the effect that a default judgment cannot be set aside where the failure to answer is due to negligence of the defendant. Those cases were decided prior to the adoption of Act 53 of 1957, which makes excusable neglect a ground for setting aside a default judgment rendered because an appearance has not been filed within the time provided by the Act.

Here, undoubtedly there was neglect on the part of appellant, but in my opinion it was excusable neglect resulting from the death of Mr. Brickhouse, who according to the record represented the insurance company as agent for service and as its attorney for many years. It appears from the record that this is the first case against the insurance company since the death of Mr. Brickhouse, and there is no doubt in my mind that but for his death the answer would have been filed in proper time. When they were employed, present counsel took immediate steps to protect their client's interests, but the 20 days had expired. There was no great delay causing the appellant any inconvenience. The suit was filed February 19th and a default judgment was taken just 24 days later, only four days after the 20 day period expired. Certainly no dilatory tactics were employed by the appellant. In my opinion the trial court abused its discretion

in not setting aside the default judgment. I therefore dissent.