BARKIS *v.* BELL.

5-3365                                  384 S. W. 2d 269

Opinion delivered November 23, 1964.

[Rehearing denied December 21, 1964.]

*Wootton, Land & Matthews,* for appellant.

*Richard W. Hobbs,* for appellee.

Sam Robinson, Associate Justice. On the 22nd day of April, 1963, appellee herein, Linda Bell, filed suit in the Garland Circuit Court asking for jugment in the sum of $60,000 for personal injuries alleged to have been suffered by her in an automobile accident due to the negligence of appellant herein, Bruce Barkis. Within the statutory time, Barkis filed a motion for additional time to answer. The motion was granted. Before the allotted time expired, Barkis filed a second motion for additional time; again the motion was granted. The time to answer, as extended, expired June 10, 1963. On that day Barkis filed Answers to Interrogatories which had been filed with the Complaint. Two days later, on June 12, the attorney for the plaintiff called the attention of Barkis' attorney to the fact that the record did not show an answer had been filed. The attorney for Barkis immediately, on June 12, filed an answer. It was a general denial.

About six months later, on January 29, 1964, the plaintiff, Linda Bell, filed a motion to strike the answer on the ground that it had not been filed within the time allowed by law. In response to the motion to strike, one of the attorneys for defendant—appellant—filed an affidavit in which he stated: "On June 10, 1963, in the afternoon, I went to the office of the Circuit Clerk in the Garland County Court House and took with me several files, among these being the file in this case. In the file at that time were originals and a number of copies of both the Interrogatories and the Answer. I went to the office of the Circuit Clerk in the Garland County Court House and at that time delivered to one of the deputy clerks the original of the Answers to the Interrogatories and also the Answer to the plaintiff's Complaint. These pleadings were taken by the deputy clerk."

In reply, appellee filed an affidvavit of a deputy in the Circuit Clerk's office in which she stated: "At approximately 4:20 p.m., very close to our closing time, on June 10, 1963, Mr. Richard H. Wootton appeared at the office of the Circuit and Chancery Clerk and he handed me certain Answers to Plaintiff's Interroga-

tories in this case to be filed. Answers to the Interrogatories was the only thing he handed to me and asked to be filed. He did not hand me any Answer or pleading with respect to this case at that time."

The trial court granted the motion to strike the answer, and rendered judgment for the plaintiff subject to the right of defendant to contest the amount of damages.

In *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439, and *Pyle* v. *Amsler*, 227 Ark. 785, 301 S. W. 2d 441, we held it was mandatory that the Circuit Court render judgment for the plaintiff where an answer was not filed in the time prescribed by statute. Subsequently there became effective Act 53 of 1957, Ark. Stats. Ann. § 29-401 (Repl. 1962), which provides: "Judgment by default shall be rendered by the Court in any case where an appearance or pleading, either general or special, has not been filed within the time allowed by this Act; provided, . . . that nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause."

In *Fitzwater* v. *Harris*, 231 Ark. 173, 328 S. W. 2d 501, and *Easley* v. *Inglis*, 233 Ark. 589, 346 S. W. 2d 206, we construed the foregoing statute as giving the court authority to set aside a default judgment for any one of three reasons: (1) excusable neglect, (2) unavoidable casualty, (3) other just cause. Although, no doubt, an answer in the case at bar was not filed on June 10, surely the failure of counsel for defendant to file it at that time, in the circumstances shown, is covered by one of the causes for setting aside a judgment enumerated in the foregoing statute.

In addition to counsel's testimony that he took the answer to the court along with the Answers to the Interrogatories to file in the case and thought he had filed it, he is corroborated by the circumstances. In the first place, it is not likely that counsel would have made the trip to the court house to file the Answers to the Interrogatories without taking the Answer to the Complaint

along to file it. It was very short—a general denial. Furthermore, when counsel for the defendant was informed two days after the Answer was due that it had not been filed in court, he found copies of it in his file, but the original was not there. Evidently it was lost, and in filing the Answers to the Interrogatories counsel was under the impression that he had also filed the answer to the complaint. In these circumstances we believe that it would be within the letter and spirit of Ark. Stats. Ann. § 29-401 (Repl. 1962) to set aside the default judgment.

Reversed.

HARRIS, C. J. and WARD, J., (dissenting). It is not entirely clear on what ground the majority opinion is based. It is indefinite in that it reverses the trial court for one of three reasons without specifying any particular reason. Nevertheless, for reasons hereafter set out, I am unable to agree with the result reached by the majority.

1. The decision of the trial court was based on appellee's motion to strike appellant's answer which (as conceded by the majority) was filed two days late. That is the order from which appellant prosecutes this appeal. Appellant did *not* at any time ask the trial court to set aside the default judgment. That being true, the issue cannot be considered on this appeal according to the uniform decisions of this Court every time the question has been raised. A few citations should suffice. In *White v. Moffett,* 108 Ark. 490, 497, 158 S. W. 505, we said: "The case can not be tried here on an issue not raised below." *Bank of Pangburn* v. *Tate,* 147 Ark. 292, 296, 227 S. W. 389: "Parties can not treat an issue as joined by the pleadings, and, after trying it out, raise the question for the first time on appeal . . ." *Holloway* v. *McArthur,* 224 Ark. 461, 463, 274 S. W. 2d 474: "It is sufficient to say that waiver was not an issue in the trial court and may not be raised for the first time here." *Fine* v. *City of Van Buren,* 237 Ark. 29, 34, 371 S. W. 2d 132: "We are without authority to grant relief which was not sought in the court below."

2. Similarly, the majority has completely ignored another firm rule of this Court. Set out below are the exact points copied from appellant's brief:

## I.

"The Court's Order striking appellant's Answer and granting a default judgment was improper because appellant, within the time prescribed by Statute and by Court Order, entered his appearance and filed pleadings in the cause.

## II.

"The appellant's Answer was actually filed within the time authorized by the Court."
Rule 9 (c) of the Procedural Rules of this Court provides, in material parts, as follows: "... appellant shall list ... the points relied upon for a reversal of the judgment or decree." In appellant's brief it is not even argued that the trial court erred in refusing to set aside the default judgment. To the contrary, appellant's only argument is that his answer was filed in time—an argument which the majority specifically reject—and rightly so. In *Campbell* v. *Beaver Bayou Drainage Dist.*, 215 Ark. 187, 189, 219 S. W. 2d 934, we said: "Under our well-established holdings, in a civil case all assignments not argued in the briefs are considered to be waived ..." In *Connell* v. *Robinson*, 217 Ark. 1, 4, 228 S. W. 2d 475, we find: "... on this appeal we consider only the alleged errors argued in the brief." Also, in *Cloud Oak Flooring Company* v. *J. A. Riggs Tractor Co.*, 223 Ark. 447, 448, 266 S. W. 2d 284, we said: "The appellant argues only two questions in its brief. These are the only points properly presented here." What I cannot understand is: why the above rule should not apply in this case.

For any one and all the above reasons, I would affirm the judgment of the trial court.

CARLETON HARRIS, Chief Justice (dissenting). I feel that the majority should make clear the ground on which the Circuit Judge is being reversed. To me, the circum-

stances, related in the majority opinion, do not constitute unavoidable casualty or excusable neglect. If counsel for appellant had been struck by an automobile, suffered a heart attack, or had been prevented from reaching the courthouse by other comparable circumstances, an unavoidable casualty would have occurred. In *Interstate Fire Ins. Co.* v. *Tolbert,* 233 Ark. 249, 343 S. W. 2d 784, a dissent points out an example of what might constitute excusable neglect. Under the theory adopted by the majority in the present case, the attorney evidently lost the answer to the complaint on the way to the courthouse, and this, in my view, does not come within the meaning of the term "excusable neglect." There was nothing to prevent the attorney from handing the answers to interrogatories and answer to the complaint to the clerk separately, for the purpose of making sure that both had been filed; in fact, I daresay that a large number of attorneys follow this practice when filing divers pleadings. Not only that, but there is no requirement that an attorney wait until the last day to file his answer. The court had given an additional fifteen days for the filing of this pleading, and, as mentioned by the majority, the answer was only a general denial, which, of course, would require but a few minutes to prepare. I do not know just what the term "other just cause" includes—nor do the majority enlighten me.

The statutes in question (pertinent portions of which are quoted in the majority opinion) permits the trial court to exercise its discretion in determining whether to set aside any default judgment upon a showing "of excusable neglect, unavoidable casualty, or other just cause." By reversing the trial court, the majority is holding that the Circuit Court abused its discretion, and further is holding, in effect, that there is no substantial evidence to support the finding of the trial court. To me, it is incomprehensible that, under the circumstances herein, this court can say either that the Circuit Court abused its discretion, or that there was no substantial evidence to support the ruling. Actually, it appears that the majority here has substituted its judgment for that of the Garland Circuit Court.

May I also add that past precedent is being ignored —and new precedent, I fear, established. Perhaps I should first make plain that I have no reason to think that the attorney here, a member of an honorable and distinguished firm, has prevaricated as to the facts—to testimony without any reservation whatsoever. It may. the contrary, I feel sure that he has not, and I accept his be puzzling, therefore, that I am so concerned with the decision of the majority. The answer is expressed fully in an opinion written by the late beloved Justice Frank G. Smith in the case of *Byler* v. *State,* 210 Ark. 790, 197 S. W. 2d 748. There, that wise and able jurist said:

"It may be asked therefore, what difference it makes that this relationship existed between the presiding judge and the sheriff? The answer is, 'Twill be recorded for a precedent and many an error by the same example will. rush into the state. It cannot be.' "

I am simply addressing myself to the subject of "precedent."

Under our system of jurisprudence, the trial court has long held the prerogative of passing on the credibility of the witnesses that appear before it. Here, the majority has accepted completely, at face value, the testimony of the attorney, and though I am confident that the trial court's decision was based entirely on its understanding of the law involved, rather than on a factual basis, *i.e.,* it did not question the accuracy of the testimony presented by the attorney, it should be remembered that this will not be the only case on this subject that will ever come before this court. In fact, the point at issue will likely arise many times in the future. I think that our Circuit Courts should feel free, unhampered and unfettered by any appellate court decision, to pass on the credibility of witnesses—even though such witnesses be attorneys.

For the reasons herein given, I respectfully dissent.