Mary Alice Moore, Administratrix, et al *v.*
Michael Robertson et al

5-4156 413 S. W. 2d 872

Opinion delivered April 24, 1967

*Bernard Whetstone,* for appellant.

*John M. Graves* and *Louis Tarlowski,* for appellee.

George Rose Smith, Justice. This action arises out
of a head-on collision in Calhoun county between a car
owned and being driven by Ezell Walters and a pick-up
truck that its driver, Michael Robertson, had borrowed
temporarily from its owner, Jim Ritchie, a filling sta-
tion operator who used the truck in his business. There
were two passengers in the Walters automobile: Clayton
Moore, who was killed, and Wallace Montgomery, who
was injured. Moore's widow and Montgomery, now the
appellants, brought the suit, originally naming only

Robertson and Ritchie as defendants. The principal question on appeal is whether the trial court abused its discretion in setting aside a default judgment against Robertson, the driver of the truck owned by Ritchie.

The complaint was filed on November 23, 1964. Ritchie was served with summons on November 27 and duly filed his answer on December 16. Robertson was served with summons on December 2, but he failed to file an answer within the time allowed by law. On January 11, 1965, on motion of the plaintiffs, the court entered a default judgment against Robertson on the issue of liability, with the question of damages to be heard at a later date. Also on January 11 the plaintiffs amended their complaint to bring in a third defendant, J. O. Ashcraft, asserting at the time of the collision Robertson was employed by Ashcraft and was acting in the scope of his employment. (The original complaint had asserted that Robertson was employed by Ritchie.)

On February 12 Ritchie filled a motion to set aside the default judgment against Robertson. Ritchie asserted that his liability insurance company had undertaken his defense, as required by the policy. The motion then went on to allege:

That under the terms of the policy there is and will be a question of coverage with regards to defendant, Michael Robertson. In view of this, insurer through its agents and servants, contacted defendant, Michael Robertson, with regards to the summons served on him . . . and were advised in writing on December 1, 1964, that Mitchell Robertson would take appropriate action in order to answer the summons to avoid any default judgment being rendered. Relying on the written statement of defendant Michael Robertson, defendant Jim Ritchie's insurer did not deem it necessary or proper to undertake the defense of Michael Robertson at that time. That had Michael Robertson not indicated that he intend-

ed to retain an attorney to answer the complaint filed against him, that even though there was and is a question of coverage under the terms of the policy issued to defendant Jim Ritchie, he would have undertaken the defense of Michael Robertson.

On February 23 Robertson filed his own motion to vacate the judgment against him, asserting the same facts as those set out in Ritchie's motion. The court heard and decided the matter before the expiration of the term at which the default had been taken. No testimony was introduced, but the plaintiffs admitted the assertions of fact in the motions. The court vacated the judgment, without stating its reasons. Later on the case was tried on its merits and resulted in a judgment in favor of all three defendants.

Whether a default judgment should be vacated during the same term is an issue lying within the discreton of the trial court. *Johnson* v. *Jett,* 203 Ark. 861, 159 S. W. 2d 78 (1942). Hence the question now before us is whether there was an abuse of discretion in this instance. We have concluded that there was, that the judgment should not have been vacated.

At one time our statutes were markedly liberal in permitting trial courts to grant extensions of time for the filing of defensive pleadings and to set aside default judgments within the term. That liberality was greatly curtailed by the enactment of Acts 49 and 351 of 1955. Those acts were construed in *Walden* v. *Metzler,* 227 Ark. 782, 301 S. W. 2d 439 (1957), and *Pyle* v. *Amsler,* 227 Ark. 785, 301 S. W. 2d 441 (1957). We held that the 1955 statutes were mandatory in requiring a defendant to plead within the time fixed by law and in allowing a trial court to set aside an ensuing default judgment only upon a showing of unavoidable casualty.

Some two months before the *Walden* and *Pyle* cases were decided the legislature adopted Act 53 of 1957, which relaxed the strictness of the 1955 acts to the ex-

tent of declaring that "nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause." Ark. Stat. Ann. § 29-401 (Repl. 1962). In the case at hand there is no issue of unavoidable casualty. The question is whether the trial court abused its discretion in finding either excusable neglect or other just cause for vacating the judgment.

As far as Robertson himself is concerned, no excuse whatever is offered for his failure to file an answer. He had been served with a summons. He knew that an answer was required. He assured Ritchie's insurance carrier that he would take appropriate action in time to avoid a default. Yet he did nothing and offers no explanation for his delinquency.

Ritchie and his insurer are in no better position than Robertson. Ordinarily they would have no standing to question a judgment entered against a codefendant. Here, however, the insurer seeks to step into Robertson's shoes by raising the possibility that his liability to the plaintiffs may be within the coverage of Ritchie's policy. Yet how can the insurer be permitted to enjoy the benefits of Robertson's position without also submitting to its burdens? The company relied upon Robertson to act in its behalf, to protect it from the consequences of a default judgment. In the circumstances Robertson's inexcusable neglect must be imputed to the insurance company. We have often held that a party is bound by the negligence of his attorney in failing to file an answer. *Dengler* v. *Dengler*, 196 Ark. 913, 120 S. W. 2d 340 (1938), citing earlier cases. If one cannot rely upon his attorney in such a situation there is even less basis for reliance upon one having no knowledge of the law.

During our discussion of the case there was a suggestion that the trial court was justified in setting aside the default judgment, on the ground that the plaintiffs joined Ashcraft as a defendant on the same day that the judgment was obtained. We perceive no inconsistency

in the plaintiffs' course of action. They were entitled, under the law, to a default judgment against Robertson. There were entitled, under the law, to pursue whatever remedy they might have against Ashcraft. Absent any incompatibility between the plaintiffs' two claims for relief—and there was none—we perceive no reason for requiring them to give up one right as a condition to asserting the other.

At the trial on the merits the court found that the sole cause of the collision was Ezell Walters' drunken driving and that Robertson was not acting in the course of his employment by Ashcraft, his workday having ended before the collision occurred. The appellants question the sufficiency of the proof to sustain those findings, but we think it enough to say that there is an abundance of competent evidence to sustain the trial court's decision.

With respect to Robertson the judgment is reversed and the cause remanded for reinstatement of the default judgment; with respect to Ritchie and Ashcraft the trial court's judgment on the merits is affirmed.

BYRD, J. dissents.

CONLEY BYRD, Justice, dissenting. Where, as here, a default judgment can serve no purpose or be sustained on any theory except as a penalty for failure to plead within the twenty days required by Ark. Stat. Ann. § 27-1135 (Repl. 1962), it is my position that the trial court may set aside the default under the "other just cause" provision in Ark. Stat. Ann. § 29-401 (Repl. 1962).

Obviously, Robertson has not brought himself within the "excusable neglect" or "unavoidable casualty" provisions of the statute (although it is an oddity that he, a truck driver, did not wish Ritchie's insurer to represent him in the matter). Nor does Ritchie have any standing to question a judgment against Robertson. But with the trial court it is a different proposition, for the plaintiffs were still pursuing their lawsuit against Ritchie and Ashcraft.

The alleged liability of Ritchie and Ashcraft to plaintiffs was based upon the premise that Robertson was negligent in the operation of Ritchie's truck. Consequently in pursuing their cause of action against Ritchie and Ashcraft, plaintiffs would force the trial court to try the issue of liability (or negligence) of Robertson. Ritchie and Ashcraft had denied that Robertson was negligent.

No delay was occasioned to plaintiffs in the presentation of their case because they did not make Ashcraft a party until the day the default was entered against Robertson. Nor were the pleadings completely joined at the time the default was set aside.

The default entered went only to the liability of Robertson. The damage issue remained to be presented. Any trial court, conscious of its work load, would certainly want to try the damage issue against Robertson at the same time the damage issue was presented against Ritchie and Ashcraft.

Thus, a default against Robertson did not relieve the trial court of the burden of trying the issue of negligence on the part of Robertson; it would not expedite plaintiff's rights against Robertson; and by permitting the default on liability to stand, the trial court ran the risk of having to enter inconsistent verdicts. See *Porter-Dewitt Constr. Co.* v. *Danley,* 221 Ark. 813, 256 S. W. 2d 540 (1953).

What purpose then does a default serve? Under the proceedings of this case, it did not relieve the trial court of the responsibility of determining the negligence or liability of Robertson, nor would it expedite the handling of plaintiff's claims in the ordinary course of events. Does a default under these circumstances amount to anything more or less than a penalty? I think not.

Courts abhor penalties and will not enforce them, even when a person has contracted to pay them. *Canadian*

*Mining Co.* v. *Creekmore,* 226 Ark. 980, 295 S. W. 2d 357 (1956); *McIlvenny* v. *Horton,* 227 Ark. 826, 302 S. W. 2d 70 (1957).

Furthermore, trial judges are not struck with blindness. Only a little inquiry of counsel on the facts would show that the practical issue here was whether Robertson was negligent in failing to successfully avoid a collision with a drunk driver on the wrong side of the road. While cases may be found in which a person in Robertson's position has been found to be negligent, such is contrary to the norm of human conduct, and the trial court was certainly entitled to take this into consideration in setting aside the default—particularly so since it would have to hear the testimony on that issue anyway.

For the reason set forth above, I would affirm the judgment of the trial court.