Willie L. ROBERTSON and REO MOVING & STORAGE Company *v.* Marilyn Jean BARNETT, Administratrix of the Estate of Carl Dewayne BARNETT, deceased

74-152                                    516 S.W. 2d 592

Opinion delivered December 9, 1974
[Rehearing denied January 13, 1975.]

*Mays & Landers* and *Bridges, Young, Matthews & Davis,* for appellants.

*Richard E. Griffin* and *Robert J. Johnson,* for appellee.

CONLEY BYRD, Justice. This is an appeal from a $300,-000 default judgment entered in a personal injury action in favor of appellee Marilyn Jean Barnett, Administratrix of the Estate of Carl Dewayne Barnett, deceased, and against appellant Reo Moving & Storage Company of Illinois and its driver Appellant Willie L. Robertson. Appellants rely upon the following points for reversal:

"POINT I. The trial court erred in finding that the appellants should not be permitted to plead to the complaint notwithstanding that time for pleading had expired.

POINT II. The trial court erred in entering judgment against appellants because a co-defendant, Clarence Poole, had filed an answer which inured to the benefit of appellants.

POINT III. Appellants should have been permitted to remove the case to Federal Court.

POINT IV. The court erred in admitting evidence as to damages for loss of parental guidance.

POINT V. The judgment is excessive.

POINT I. Appellants admittedly received proper service of the summons and complaint sometime around October 24, 1973. Appellant Reo Moving & Storage Company (hereinafter referred to as "Reo") promptly turned its summons and complaint over to its insurance broker Lindquist Burns Insurance Agency. William Leonard of the Lindquist Burns Insurance Agency mailed the summons and complaint to R. E. Potter, Ltd., through whom "Reo's" liability coverage with U.S.F.&G. had been obtained. R. E. Potter, Ltd., is apparently a general agent for U.S.F.&G. Potter told U.S.F&G.'s claim department that he had delivered the summons and complaint to U.S.F.&G.'s adjuster Mr. Ward Chase. Ward Chase denies that Potter delivered the summons and complaint. At any rate "Reo" had thirty days within which to answer the complaint, but due to the neglect or default of its insurance agents, no answer or response to the complaint was made until December 19, 1973. Appellants in both the trial court and here contend that their failure to answer within time was caused by "excusable neglect, unavoidable casualty and other just cause" within the meaning of Ark. Stat. Ann. § 29-401 (Repl. 1962). That statute provides:

"Judgment by default shall be rendered by the Court in

any case where an appearance or pleading, either general or special, has not been filed within the time allowed by this Act; provided, that the Court may for good cause allow further time for filing an appearance or pleading, if application for granting further time is made before expiration of the period within which the appearance or pleading should have been filed; and that nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause."

Appellants quote from decisions of this court prior to Acts 1955, No. 49, and from decisions of other courts construing similar statutes to the effect that the delay in responding to the complaint came about through "excusable neglect, unavoidable casualty or other just cause." The history of the lax procedure before Acts 1955, No. 49, and the effect and purpose of the change brought about by Acts 1955, No. 49, can be found in *Walden* v. *Metzler,* 227 Ark. 782, 301 S.W. 2d 439 (1957), and *Pyle* v. *Amsler, Judge,* 227 Ark. 785, 301 S.W. 2d 441 (1957). The effect of the 1957 Amendment, Acts 1957, No. 53, which provided: ". . . that nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause," has been considered in *Interstate Fire Insurance Co.* v. *Tolbert,* 233 Ark. 249, 343 S.W. 2d 784 (1961); *Moore, Adm'x* v. *Robertson,* 242 Ark. 413, 413 S.W. 2d 872 (1967); and *Ryder Truck Rental* v. *Wren Oil Dist. Co.,* 253 Ark. 827, 489 S.W. 2d 236 (1973). We can see little difference between the neglect of the agents and employees involved in *Interstate Fire Insurance Co.* v. *Tolbert, supra,* and in *Ryder Truck Rental* v. *Wren Oil Dist. Co., supra,* and the agents to whom "Reo" entrusted its affairs. Consequently, we must hold that the trial court did not err in finding that appellants' conduct did not amount to "excusable neglect, unavoidable casualty or other just cause."

POINT II. Appellants contend that an answer filed by a third defendant, Clarence Poole inured to their benefit and that because thereof the trial court erred in entering the default against them. We find no merit in this contention

because the issue is raised for the first time on appeal. Furthermore, there were separate allegations of negligence against Poole that did not arise out of any relationship of indemnity, master and servant, or principal and agent such as was involved in *Arkansas Electric Co. v. Cone-Huddleston*, 249 Ark. 230, 458 S.W. 2d 728 (1970).

POINT III. Appellants contend that since they did not know about the voluntary non-suit against Poole until they received the precedent for judgment, the trial court erred in not setting aside the default judgment so that they could remove the case to Federal Court on diversity of citizenship. We find no merit in this contention, because as pointed out in *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 74 S. Ct. 290, 98 L. Ed. 317 (1953), a state court's procedural provisions cannot and do not control the privilege of removal granted by federal statute.

POINT IV. Appellants objected to any evidence for loss of parental guidance of the five children left by the decedent on the ground that there was no allegation in the complaint on that issue.

The allegation in appellee's complaint on that issue was as follows:

> ". . . that his wife, Marilyn Jean Barnett and five minor children suffered and sustained severe pecuniary injuries, suffered severe mental anguish and the wife suffered loss of consortium as a result of the death of her husband."

Appellee recognizes that under our prior cases, *Helena Hardwood Lumber Co. v. Maynard*, 99 Ark. 377, 138 S.W. 469 (1911), that before one could recover for loss of parental care and guidance the matter must have been specifically pleaded. However, to avoid that requirement, appellee points to AMI 2215 and our per curiam order of April 19, 1965, to the effect that an AMI instruction should be used where applicable unless the trial court finds that it does not accurately state the law.

Our per curiam order of April 19, 1965, was neither an attempt nor was intended to affect or to change pleading requirements. We note also that, appellee's interpretation has not been given to the per curiam order by the members of the drafting committee of AMI — see article by Henry Woods in 20 Ark. L. Rev. 73, 80, wherein it is specifically recognized that before the instruction on loss of parental guidance can be given it must be specifically pleaded.

In both *Starks v. North Little Rock Policemen's Pension and Relief Fund*, 256 Ark. 515, 510 S.W. 2d 305 (1974), and *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W. 2d 555 (1974), we pointed out that because a default judgment is in the nature of a forfeiture, a judgment by default must strictly conform to and be supported by the allegations of the complaint. Of course, when appellee's pleading is tested by that rule, we find that the issue of loss of parental guidance was not sufficiently pleaded to permit the introduction of proof in connection therewith.

However, the error of the trial court in admitting the evidence does not necessarily require an outright reversal of the whole judgment. At the conclusion of the evidence the record shows that in arriving at the total amount of the judgment the trial judge, before whom the case was tried without a jury, determined that he would allow $100,000 for loss of contributions, funeral bills and the value of the pickup truck that was destroyed; $50,000 to the widow for loss of consortium and mental anguish; and $30,000 for each of the five children. Of course, the error in admitting the evidence as to loss of parental guidance involved only the $30,000 item for each of the five children and if this element be stricken from the judgment by remittitur then the balance of the judgment can stand.

POINT V. Appellants here argue that the award of $200,000 for mental anguish is not supported by the record. We need not determine this issue since under Point IV, *supra,* appellee must enter a remittitur for $150,000 or the case will be remanded for a new trial. We do not consider the $50,000 award to the wife for mental anguish and loss of consortium as excessive on the record before us.

If within 17 days the appellees enter a remittitur for $150,000 — (*i.e.* $30,000 for each of the five children) the judgment will be affirmed. Otherwise the judgment will be reversed for a new trial.

Affirmed on condition of remittitur.