Bernard PERRY *v.* BALE CHEVROLET CO.

77-402                                       566 S.W. 2d 150

Opinion delivered May 30, 1978
(Division I)

*Jewel Brown,* of *Brown & Pruitt, P.A.,* for appellant.

*Friday, Eldredge & Clark,* by: *George Pike, Jr.,* for appellee.

JOHN A. FOGLEMAN, Justice. The question on this appeal is whether the trial court abused its discretion by granting a default judgment against appellant on appellee's complaint filed March 17, 1977. Summons was duly issued. It was serv-

ed on appellant Bernard Perry on March 22, 1977. Perry tendered a handwritten answer on the 19th or 20th day after service but the clerk of the court refused to accept it because it was not typewritten in compliance with the procedural rules of the Pulaski Circuit Court on file in the office of the clerk of this court. Perry then filed a typewritten answer one day after the maximum period allowed by Ark. Stat. Ann. § 27-1135 (Repl. 1962). Bale Chevrolet Company, the plaintiff, moved for a default judgment. Appellant responded alleging that rendering default judgment under the circumstances would result in injustice or oppression.

Appellant supported his response by his affidavit that he had been in communication with representatives of appellant and that it had been generally agreed that the case would be dismissed before the last day for filing his answer, but, after he had called appellee's representative about the 18th day after service and learned that appellee had not advised its lawyer to dismiss the suit, he had attempted to file the handwritten answer on the following day. This affidavit was not controverted. The court held that the appellant had failed to show that his failure to file timely answer was due to excusable neglect, unavoidable casualty or other just cause as required by Ark. Stat. Ann. § 29-401 (Repl. 1962) to avoid the entry of a default judgment. Under the peculiar circumstances of this case, we disagree and reverse the judgment. Pertinent circumstances are the appellant's understanding that the suit would be dismissed without his being required to answer, his prompt action in tendering a handwritten answer and the filing of a typewritten answer only one day late.

Default judgments are not the favorites of the law, and we have found substantial compliance by a defendant with procedural requirements to be sufficient to avoid the harshness of a default judgment in several instances. *Winters v. Lewis,* 260 Ark. 563, 542 S.W. 2d 746. For example, we have held that: when a responsive pleading should have been in the hands of the clerk within the time allotted for answering, had the clerk's office not been closed for a five-day holiday period, the plaintiff was prevented from filing a timely answer by unavoidable casualty or misfortune, *Cummings v. Lord's Art Galleries,* 227 Ark. 972, 302 S.W. 2d 792; when there was a basis for confusion as to the time for answer because of

difficulty in characterizing a pleading as a counter-claim or cross-complaint, the failure to file an answer within the time required to answer a counterclaim when it was timely for answering a cross-complaint could be excusable neglect, *Easley* v. *Inglis*, 233 Ark. 589, 346 S.W. 2d 206; when an attorney filed answers to interrogatories on the last day for filing answer and left the clerk's office under the impression that he had also filed an answer he had taken there with him, and answer was filed two days late, after the defendant's attorney had been advised that the answer had not been filed and had found copies of the answer, but not the original, in his files, the letter and spirit of Ark. Stat. Ann. § 29-401 (Repl. 1962) required the setting aside of a default judgment granted after the tardy answer was stricken. *Barkis* v. *Bell*, 238 Ark. 683, 384 S.W. 2d 269; when a defendant's attorney appeared and made a verbal motion for an order to have a plaintiff examined by a physician and plaintiff's attorney stated his client would be submitted for examination, and the filing of a motion was unnecessary, and the case was then set for trial by agreement, the failure to file a pleading until 22 days after the service of summons came under "excusable neglect" or "other just cause," *Fitzwater* v. *Harris*, 231 Ark. 173, 328 S.W. 2d 501.

Under the circumstances of this case, we hold that the filing of a typewritten answer only one day late was attributable to excusable neglect or other just cause.

The judgment is reversed and the cause remanded.

We agree: HARRIS, C.J., and HOLT and HOWARD, JJ.