## R. L. BURNS, Jr. *v.* M. L. MADDEN, d/b/a SHAMROCK CLUB

80-261                                          609 S.W. 2d 55

Supreme Court of Arkansas
Opinion delivered December 22, 1980

*Batchelor & Batchelor*, by: *Fines F. Batchelor, Jr.*, for appellant.

*Everett & Whitlock*, by: *John C. Everett*, for appellee.

FRANK HOLT, Justice. This appeal results from the trial

court's denying appellant's motion to quash and vacate a default judgment.

On November 7, 1978, the appellee filed an action against the appellant asserting he had suffered property damages to his building as a result of the negligent operation of an automobile by appellant and that a separate defendant had negligently entrusted the automobile to appellant. On November 13, 1978, a summons was served on him. On January 8, 1979, a default judgment for $5,000, plus costs, was rendered against him. On January 9 a summons, issued 4 days earlier, was served on the separate defendant, the owner of the automobile. On January 23, 1979, a motion to quash service was filed on behalf of both the appellant and the separate defendant. On March 9, 1979, during term time, appellant amended this pleading, seeking to set aside the judgment. The court treated the supplemental pleading as a motion to vacate and, after a hearing, overruled the motion.

We need only to discuss appellant's contention that the court erred in not setting aside the default judgment for "excusable neglect, unavoidable casualty and other just cause." Ark. Stat. Ann. § 29-401 (Repl. 1962).* It is within the sound discretion of the trial court to grant or deny a motion to set aside a default judgment, and the question on appeal is whether there has been an abuse of that discretion. *Johnson* v. *Jett*, 203 Ark. 861, 159 S.W. 2d 78 (1952); and § 29-401, *supra*. Default judgments are not favorites of the law and should be avoided when possible. *Winters* v. *Lewis*, 260 Ark. 563, 542 S.W. 2d 746 (1976); and *Perry* v. *Bale Chevrolet Co.*, 263 Ark. 552, 566 S.W. 2d 150 (1978). "The granting of a default judgment is a harsh and drastic action and may deprive a party of substantial rights." *Winters* v. *Lewis, supra*.

Appellee's suit was filed by an attorney, who had previously represented appellant on an unrelated matter in which he had been given power of attorney for appellant during a period of time from 1976 to 1977. There was some evidence he had also represented him in the spring of 1978, 7 months prior to the filing of this action, on a DWI charge.

---

*This statute is now replaced by Ark. Rules of Civil Procedure, Rules 55 and 60 (Repl. 1979).

When appellant received the summons on November 13, 1978, he telephoned his former attorney, who informed him that he was representing the appellee in the matter, could not discuss the suit with him, and advised appellant to get an attorney to represent him. When appellant said he had insurance coverage, the attorney explained the carrier's duty to defend him and advised appellant to contact the carrier. According to appellant, the attorney did not advise him to hire a lawyer but told him he wanted the name of the insurance company because he wanted to collect from it. However, appellant admitted he knew by the end of this conversation that the attorney was representing the appellee and would not represent him. It is undisputed that appellant called back that same day and left the name of his insurance carrier with the attorney's secretary. That day the attorney wrote the insurance carrier, sending a copy of the complaint. About a week later, or within the 20 days after service of process, the carrier advised him by telephone and letter that there was no insurance coverage on the vehicle. The attorney did not pass this information on to the appellant. Appellant testified that when he called back and gave the name and telephone number of the insurance company to the attorney's secretary, appellant "thought that was the end of it." After receiving notice of the default judgment, appellant then consulted his present attorney, who promptly filed the motion to quash service, as indicated, and later amended the pleading to vacate judgment.

When it is demonstrated there exists a just cause for a defendant not filing a timely answer, a default judgment should be set aside. *Barkis* v. *Bell*, 238 Ark. 683, 384 S.W. 2d 269 (1964). As a proper guide to the exercise of discretion, the basic underlying policy is to have each case determined on its merits because, in the normal course of litigation, substantial rights are preserved and justice between the parties is best served by this policy. In view of the former relationship between appellant and appellee's attorney and appellant's promptness in questioning the default judgment, we are of the view that there was an honest and unfortunate misunderstanding which constituted just cause for not filing a timely answer. Therefore, the default judgment is set aside and vacated.

Reversed and remanded.

FOGLEMAN, C.J., and HICKMAN, J., dissent.

JOHN A. FOGLEMAN, Chief Justice, dissenting. Reversal of the action of the circuit court in denying the motion to set aside the default judgment in this case is a reversion to the rather chaotic situation that existed prior to the legislative reform undertaken a quarter of a century ago. A default judgment should not be set aside under Ark. Stat. Ann. § 29-401 (Repl. 1962) except for excusable neglect, unavoidable casualty or other just cause. This statute which is the combination of Acts 49 and 351 of 1955, as amended by Act 53 of 1957, seriously impaired previous holdings that had accepted almost any excuse given for failure of a defendant to file a timely pleading. See *Pyle* v. *Amsler*, 227 Ark. 785, 301 S.W. 2d 441; *Walden* v. *Metzler*, 227 Ark. 782, 301 S.W. 2d 439. In *Walden*, it was clearly stated that we were not foreclosing the possibility of relief to a defendant who has been prevented by unavoidable casualty from making his defense. In the absence of unavoidable casualty, excusable neglect or other just cause, the court had no discretion to set aside the default.

In *Moore* v. *Robertson*, 242 Ark. 413, 413 S.W. 2d 872, where, as here, appellant moved to set aside a default judgment rendered during the same term, we said:

> At one time our statutes were markedly liberal in permitting trial courts to grant extensions of time for the filing of defensive pleadings and to set aside default judgments within the term. That liberality was greatly curtailed by the enactment of Acts 49 and 351 of 1955. Those acts were construed in *Walden* v. *Metzler*, 227 Ark. 782, 301 S.W. 2d 439 (1957), and *Pyle* v. *Amsler*, 227 Ark. 785, 301 S.W. 2d 441 (1957). We held that the 1955 statutes were mandatory in requiring a defendant to plead within the time fixed by law and in allowing a trial court to set aside an ensuing default judgment only upon a showing of unavoidable casaulty.

Some two months before the *Walden* and *Pyle* cases were decided the legislature adopted Act 53 of 1957,

which relaxed the strictness of the 1955 acts to the extent of declaring that "nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause." Ark. Stat. Ann. § 29-401 (Repl. 1962). In the case at hand there is no issue of unavoidable casualty. The question is whether the trial court abused its discretion for finding either excusable neglect or other just cause for vacating the judgment.

What we said in *Robertson* v. *Barnett*, 257 Ark. 365, 516 S.W. 2d 592, is equally appropriate here, viz:

> Appellants quote from decisions of this court prior to Acts 1955, No. 49, and from decisions of other courts construing similar statutes to the effect that the delay in responding to the complaint came about through "excusable neglect, unavoidable casualty or other just cause." The history of the law procedure before Acts 1955, No. 49, and the effect and purpose of the change brought about by Acts 1955, No. 49 can be found in *Walden* v. *Metzler*, 227 Ark. 782, 301 S.W. 2d 439 (1957) and *Pyle* v. *Amsler, Judge*, 227 Ark. 785, 301 S.W. 2d 441 (1957). The effect of the 1957 Amendment, Acts 1957, No. 53, which provided: ". . . that nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause," has been considered in *Interstate Fire Insurance Co.* v. *Tolbert*, 233 Ark. 249, 343 S.W. 2d 784 (1961); *Moore Adm'x* v. *Robertson*, 242 Ark. 413, 413 S.W. 2d 872 (1967); and *Ryder Truck Rental* v. *Wren Oil Dist. Co.*, 253 Ark. 827, 489 S.W. 2d 236 (1973). ***

Further in *Allied Chemical Corp.* v. *Van Buren School Dist.*, 264 Ark. 810, 575 S.W. 2d 445, we added:

> [W]e have discussed, in several cases, what does or does not constitute a showing of "excusable neglect, unavoidable casualty or other just cause." *Perry* v. *Bale Chev. Co.*, 263 Ark. 552, 566 S.W. 2d 150 (1978); *Robertson* v. *Barnett*, 257 Ark. 365, 516 S.W. 2d 592 (1975);

*Ryder Truck Rental* v. *Wren Oil·Dist. Co.*, 253 Ark. 827, 489 S.W. 2d 236 (1973); *Ark. Elect. Co.* v. *Cone-Huddleston*, 249 Ark. 230, 458 S.W. 2d 728 (1970); *Barkis* v. *Bell*, 238 Ark. 683, 384 S.W. 2d 269 (1964); and *Interstate Fire Insurance Co.* v. *Tolbert*, 233 Ark. 249, 343 S.W. 2d 784 (1961). Also we have often said that the question before us, when reviewing a trial court's decision to grant or deny a motion to set aside a default, is whether the court abused its discretion. *Moore, Administratrix* v. *Robertson*, 242 Ark. 413, 413 S.W. 2d 872 (1967), and *Ark. Elect. Co.* v. *Cone-Huddleston*, supra.

The fact that the motion was filed during the term of court during which the judgment was rendered does not enlarge either the discretion of the trial court or appellate review by this court. In *Ryder Truck Rental, Inc.* v. *H. B. Wren Oil Distributing Co.*, 253 Ark. 827, 489 S.W. 2d 236, we said:

The default in pleading under Ark. Stat. Ann. § 27-1135 (Repl. 1962) is not questioned in this case, and there is no question that the motion to set aside the judgment was filed during the same term of court in which the judgment was rendered, so the question simply boils down to whether the trial court abused its discretion in refusing to set aside the default judgment because of excusable neglect, unavoidable casualty or other just cause.

The setting aside of a default judgment under authority of Ark. Stat. Ann. § 29-401 is an action which addresses itself to the discretion of the trial court — not the discretion of this court. *Arkansas Electric Co.* v. *Cone-Huddleston, Inc.*, 249 Ark. 230, 458 S.W. 2d 728. In *Renault Central, Inc.* v. *International Imports*, 266 Ark. 155, 583 S.W. 2d 10, we said:

A trial judge has wide discretion in determining whether a default judgment should be vacated and this court will not reverse the decision of the trial judge unless he has abused that discretion. *Jetton* v. *Fawcett*, 264 Ark. 69, 568 S.W. 2d 42 (1978) and *Davis* v. *McBride*, 247 Ark. 895, 448 S.W. 2d 37. ***

Even before § 29-401 became law, this court had followed the rule that the denial of a motion to set aside a default judgment during the term of court at which it was rendered should not be disturbed on appeal in the absence of an abuse of the trial court's discretion. *Johnson* v. *Jett*, 203 Ark. 861, 159 S.W. 2d 78.

I do not see how this court can say that the trial court abused its discretion. It appears to me that this court is exercising its own discretion, or, at least, saying just how the trial court should have exercised its discretion. This leaves the trial court little latitude.

Burns testified that the power of attorney under which Davis had served had been dissolved for a year and that he understood this when he called Davis after being served with the summons. If he had not *known* Davis, he would have employed an attorney when he received the summons. He said that he was definitely aware that Davis was certainly not representing him but was representing Madden, but did not know this when he first called Davis. He said that after he had his very first telephone conversation with Davis he came to the conclusion that Davis was representing Madden.

Davis testified positively that he told Burns that Burns needed to find an attorney to represent him, and that he (Davis) told Burns specifically that he represented Madden and that he made sure that Burns understood that, ethically, he could not discuss the matter with Burns. David also said that he told Burns that if Burns had insurance he must contact the insurance carrier.

Although there is no major conflict in the pertinent testimony, the trial court obviously believed Davis. It is quite clear that Burns understood that he needed to employ a lawyer. Whether Davis wanted to get in touch with Burns' insurance carrier is totally beside the point. Even if Davis said he wanted to collect from the insurance company, there was no reason for Burns to believe that furnishing the name of a purported carrier concluded the matter. Davis denied telling Burns he should furnish the name of the insurance carrier. The insurance carrier advised Davis that the vehicle involved

was not insured. Is there any reason to believe that Burns did not know this when he furnished the name of a carrier? I doubt that there is.

I do not agree that *Barkis* v. *Bell*, 238 Ark. 683, 384 S.W. 2d 269, lends any support to the majority's action in the factual background of this case. There, the defendant's attorney took an answer and answers to interrogatories to the clerk's office for filing on the last day and thought he had filed both pleadings. The deputy clerk with whom the answers to the interrogatories were filed stated that no answer was handed to him by the attorney. When alerted to the fact that the answer had not been filed, the attorney discovered the copies of the answer in his file but not the original. We said that apparently it had been lost. There was no explanation as to when, where, how or by whom it had been lost. In the attorney's affidavit, he said that the answer *was* delivered to and received by a deputy clerk. The answer was filed two days later, when the plaintiff's attorney advised defendant's attorney that the record did not show an answer. No action was taken by the plaintiff to strike the answer for six months. The filing of the answers to interrogatories there certainly was consistent with an intention not to default, whether it can be called a defensive pleading or not.

I would affirm the judgment.

I am authorized to state that Mr. Justice Hickman joins in this opinion.