FINE *v.* CITY OF VAN BUREN.

5-3080                                     371 S. W. 2d 132

Opinion delivered October 14, 1963.

*Batchelor & Batchelor* and *Rains & Rains,* for appellant.

*Conrad Ockenfels Pugh, Townsend & Townsend,* for appellee.

CARLETON HARRIS, Chief Justice. Van Buren, Arkansas, is a city of the first class. On August 7, 1962, Ordinance No. 6-1962, authorizing an issue of $702,200.00 in sewer revenue bonds, was approved by the voters of Van Buren, and on November 12, 1962, Ordinance No. 11-1962 was passed,[1] which established the rates to be charged for sewer service. On January 3, 1963, appellants filed with the City Clerk of Van Buren a petition to initiate an ordinance (No. 2A) which would have the effect, *inter alia,* of repealing Ordinance No. 6-1962 and Ordinance No. 11-1962. This initiated petition was filed more than 90 days prior to the next general or regular election in the City of Van Buren (which will be held November 5, 1963). No action was taken by the City Clerk or the city officials on the petition, and on February 5, 1963, appellee, the City of Van Buren, filed, in the Crawford County Chancery Court, a petition for a declaratory judgment, praying that the Court enter a judgment holding the initiated petition invalid. Appellants filed a demurrer, which was overruled, and thereafter, an answer was filed. On hearing, the court entered its declaratory judgment in which it found that the City of Van Buren had never passed an ordinance fixing the time in which initiative petitions might be filed, and further finding that the initiated petition herein discussed, was "invalid, in that it was filed more than 90 days before the next general or regular election in said city, contrary to the Constitution of the State of Arkansas; and the Initiated Petition and the Initiated Ordinance it contains are therefore set aside and held for naught, * * *." While the question of whether the city had the right to invoke the declaratory judgment procedure as a matter of determining the validity of the initiated petition is argued pro and con by the parties hereto, under the view that we take, it becomes unneces-

---

[1] This ordinance was later approved at a referendum election.

sary to dispose of this matter. Rather, our discussion will be limited to the main issue set forth in Item 5 of the stipulation, which reads as follows:

"It is hereby stipulated and agreed that the sole and only question to be presented to the Court herein, other than said demurrer,[2] is the question of whether a Petition to Initiate a City Ordinance in the City of Van Buren, Arkansas, can be filed more than 90 days prior to the General Election at which it is to be voted upon, the Petition to Initiate City Ordinance herein to be determined having been filed January 3, 1963, and the next City General Election in the City of Van Buren, Arkansas, after said filing being November 5, 1963, and more than 90 days after the filing of said Initiated Petition."

The Arkansas Constitution, Amendment 7, Section 1, under the heading, "Local Petitions," provides:

"Municipalities may provide for the exercise of the initiative and referendum as to their local legislation.

"General laws shall be enacted providing for the exercise of the initiative and referendum as to counties * * * In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty days nor more than ninety days before the election at which it is to be voted upon; for a referendum petition at not less than thirty days nor more than ninety days after the passage of such measure by a municipal council; * * *."

With the exception of one case, all cases herein cited by counsel deal with the question of whether petitions were filed "too late" rather than "too early," and in some cases, the point here raised was not at issue. The exception referred to is *Southern Cities Distributing Co. v. Carter,* 184 Ark. 4, 41 S. W. 2d 1085. This case was relied on in large measure in our most recent opinion on the subject herein discussed, which, incidentally, is not

_____

[2] This refers to the question of whether the declaratory judgment law can properly be invoked.

cited in the briefs. That case, decided October 22, 1962, is *Armstrong, County Clerk* v. *Sturch*, 235 Ark. 571, 361 S. W. 2d 77. There, petitions were filed with the clerk on July 23, 1962, which was more than 90 days before the general election (November 6, 1962). Appellant strongly argued the same contention that is relied upon by appellees in the instant litigation. In deciding that the petitions were timely filed we called attention to *Southern Cities Distributing Co., supra,* stating:

"Our holding in *Southern Cities Distributing Company* v. *Carter,* 184 Ark. 4, 41 S. W. 2d 1085, bears some similarity to the issue at hand. There, a referendum petition was filed to refer a municipal ordinance, and was filed less than 30 days after the enactment of the ordinance. This court held that the latter fact did not invalidate the petition, under the provisions of Amendment No. 7 to the Constitution, stating:

'The amendment provides the time for filing a referendum petition at "not less than thirty (30) days nor more than ninety (90) days after the passage of such measure by a municipal council." This does not mean, of course, that the petition for a referendum cannot be filed less than 30 days after the passage of the measure sought to be referred, but only that the city must allow at least 30 days after the passage of the measure for the filing of a referendum petition thereon, and cannot allow more than 90 days. * * * It is true the referendum petitions were filed * * * less than 30 days after the adoption of such measure, but they remained on file and were on file after 30 days after the passage of the gas rate resolution, and were passed upon and certified by the city clerk on the thirty-first day after the passage of the resolution as containing sufficient signatures of qualified electors to authorize the referendum petitioned for. The referendum petitions, although they could not have been required to be filed in less than 30 days after the passage of the measure sought to be re-referred, were in no wise invalidated by having been sooner filed.'

"We think the same reasoning applies to the filing of an initiative petition under Amendment No. 7, and the language 'In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty (60) days nor more than ninety (90) days before the election at which it is to be voted upon' simply means that the legislature[3] may not *require* that the petitions be filed earlier. It will be noted that the amendment itself *does not* definitely fix the time, but appears rather as a directive to the legislative body, circumscribing and limiting its authority in the matter.

"Of course, viewing the matter from a practical standpoint, appellants, or the general public, have not in any manner been misinformed or misled because the petitions were filed on July 23rd rather than August 8th. As stated in *Southern Cities Distributing Company* v. *Carter, supra,* the petitions remained on file with the proper officer.' "

We are committed to a liberal construction of this amendment, bearing in mind the purpose of its adoption and the object it sought to accomplish. *Leigh and Thomas* v. *Hall, Secretary of State,* 232 Ark. 558, 339 S. W. 2d 104. In other words, as held in that case (and cases cited therein), the acts of the electors "should not be thwarted by strict or technical construction."

One other matter should be mentioned. In concluding their brief in this court, appellants pray that they "be permitted to correct typographical error in said initiative ordinance." This is the only mention made in appellant's brief, and appellee does not mention it at all in its brief. The transcript reflects that, with their answers appellants filed Exhibit "A" which they stated "is a true and correct representation of the petitions herein filed, except that it is possible the date for final payment of said bond issue may show 1967 instead of 1987, but if so, this is a matter of clerical and typographical error correctable under the Constitution of the State of Arkansas, and deny that should said proposed initi-

---

[3] More properly, the city legislative authority.

ated ordinance become an ordinance of the City of Van Buren, Arkansas, that it would, in any wise, be invalid, but that should any provision thereof be considered invalid that the severability clause therein would protect the remainder thereof." There is no prayer asking the trial court to make this correction; however, in its judgment, the court made the following finding:

"That the copy of the Initiated Ordinance attached to the answer of the defendants as Exhibit A is not like the original, in that Section 3 of said ordinance as copied recites that the bonds should mature serially from 1963 to 1987, whereas the original petition through typographical error recited the maturity dates to be 1963 to 1967."

The basis for the court's finding is not shown since no evidence was taken, and the matter (of the error) is not included in the stipulation.

We are without authority to grant relief which was not sought in the court below. *Porter* v. *Morris,* 131 Ark. 382, 199 S. W. 106.

It follows, from what has been said that the declaratory judgment rendered by the court is reversed, set aside, and held for naught, and this cause is remanded to the Crawford County Chancery Court with directions to dismiss the complaint, and, for good cause shown, an immediate mandate is ordered.