The Honorable Johnny Key State Senator
1105 Delwood Lane Mountain Home, Arkansas 72653
Dear Senator Key:
You have requested my opinion in response to a question concerning Section 50(b)(1) of Act 1480 of 2009, which is codified at A.C.A. § 14-14-915(b)(1) (Supp. 2009), and which provides as follows:
 INITIATIVE PETITIONS. All petitions for initiated county measures shall be filed with the county clerk not less than ninety (90) calendar days nor more than one hundred twenty (120) calendar days prior to the date established for the next regular election.
You have questioned whether this provision conflicts with Article 5, section 1 of the Arkansas Constitution (incorporating Amendment 7 to the Arkansas Constitution, known as the initiative and referendum amendment). Article 5, section 1 states in relevant part:
 General laws shall be enacted providing for the exercise of the initiative and referendum as to counties. . . . In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty nor more than ninety days before the election at which it is to be voted upon[.]
Ark. Const. art. 5, § 1 ("Local for Municipalities and Counties"). *Page 2 
You have also posed the following specific question:
 Under Arkansas law, what is the relevant period for filing petitions calling for a local option election regarding the sale of alcoholic beverages for a precinct in a wet county?
RESPONSE
In my opinion, A.C.A. § 14-14-915(b)(1), as amended byAct 1480 of 2009, does not conflict with Ark. Const. art. 5, § 1. It is my opinion in response to your specific question that local option petitions in all likelihood must be filed in accordance with A.C.A. § 14-14-915(b)(1), as amended by Act 1480, i.e., "not less than ninety (90) calendar days nor more than one hundred twenty (120) calendar days" before the election.
DISCUSSION
Regarding the suggestion that A.C.A. § 14-14-915(b)(1), as amended, may conflict with Ark. Const. art. 5, § 1, this concern might arise from the belief that art. 5, § 1 establishes a filing period for county initiative petitions when it states that the time for filing such petitions "shall not be fixed at less than sixty nor more than ninety days before the election." If the constitution fixes the period between sixty and ninety days before the election as the permissible time period for filing these initiative petitions, then it would seem to follow that the amendment under Act 1480 of 2009 cannot stand. The amendment according to that view unconstitutionally changed the filing period from the period between 60 and 90 days to the period between 90 and 120 days before the election.[1]
In my opinion, however, this is not the correct view of the matter. To the contrary, the Arkansas Supreme Court has clearly held that art. 5, § 1 does not itself definitively fix the time for filing. Rather, it sets the range within which the General Assembly may fix the last permissible date for filing. As stated inArmstrong v. Sturch, 235 Ark. 571, 577, 361 S.W.2d 77 (1962): *Page 3 
 We think . . . the language "In municipalities and counties the time for filing an initiative petition shall not be fixed at less than sixty days nor more than ninety days before the election at which it is to be voted upon" simply means that the legislature may not require that the petitions be filed earlier. It will be noted that the amendment itself does not definitely fix the time, but appears rather as a directive to the legislative body, circumscribing and limiting its authority in the matter.
(Emphasis added).
One year later, the court in Fine v. City of Van Buren,237 Ark. 29, 371 S.W.2d 132 (1963) cited Armstrong and upheld an initiated petition that was filed more than 90 days before the election. The petition was on a city measure, and there was no city ordinance setting the time for filing such initiative petitions.[2] The trial court found the filing untimely under the apparent belief that Amendment 7 (now codified as art. 5, § 1) governs the time of filing and prevents filing more than 90 days before the election when it states that "the time for filing an initiative petition shall not be fixed at . . . more than ninety days before the election. . . ." The Arkansas Supreme Court rejected that view and upheld the petition in reliance uponArmstrong, including the language excerpted above wherein the court interpreted Amendment 7 to mean that the legislature cannot require an earlier filing.[3]
Consistent with these cases, the court in Robie v. Bolton,260 Ark. 429, 541 S.W.2d 310 (1976) upheld a city ordinance that required initiative petitions be filed with the city clerk "at least 90 days before the regular city election."[4] The city clerk refused to accept a petition that was tendered 64 days before the election. In upholding the ordinance and the trial court's ruling in favor of the clerk, the court pronounced: "What the Constitutioncontemplates is that the city fix the last permissible date for thefiling of the petition. That is the only date that *Page 4 
is involved, because the proponents of the measure are at liberty to file their petition before that date."[5]
The court in Robie further noted that the city could have required that petitions be filed "at least 60 days" before the election "because that language is an accurate paraphrase of the constitutional reference to not less than 60 days." Id. But the city was "entitled to move the date forward to any point up to and including `at least 90 days' before the election. . . ." Id.
It is clear from these cases that art. 5, § 1 does not itself fix the time for filing. Turning, then, to A.C.A. § 14-14-915(b)(1), as amended by Act 1480 of 2009, in my opinion this provision was enacted pursuant to the General Assembly's authority to fix the last permissible date for filing initiative petitions on county measures. The requirement that petitions be filed "not less than ninety (90) calendar days" before the election is plainly constitutional.[6] Additionally, in my opinion, the General Assembly may limit earlier filings, as it has by requiring that petitions not be filed "more than one hundred twenty (120) calendar days" before the election. Article 5, section 1 clearly prohibits the General Assembly fromrequiring that petitions be filed earlier than 90 days before the election.[7] But this constitutional provision is silent as far as either authorizing or limiting earlier filings is concerned. As noted above, the legislation previously set the limit at 90 days.See n. 1. And I see no reason why it cannot be set at 120 days.[8]
With regard to your specific question concerning the relevant period for filing local option petitions, this question arises from the following statute governing local option elections: *Page 5 
 Every petition for a local option election shall be prepared in accordance with Initiated Act No. 1 of 1942, §§ 3-8-201 — 3-8-203 and 3-8-205 — 3-8-209, and it shall be filed and the subsequent proceedings thereupon shall be had and conducted in the manner provided for county initiated measures by Arkansas Constitution, Amendment 7, and enabling acts pertaining thereto.
A.C.A. § 3-8-204(a) (Repl. 2008).
The issue is how to interpret this reference to "Arkansas Constitution, Amendment 7, and enabling acts pertaining thereto." (Emphasis added.) More specifically: What is the extent and effect of this reference? Should the reference be interpreted as a reference to Amendment 7's enabling legislation as it existed at the time of the enactment of A.C.A. § 3-8-204(a)?[9] Or does this include such legislation as it may in the future be amended, as for instance byAct 1480 of 2009?
In my opinion, the resolution of this issue likely turns on established principles surrounding so-called "reference statutes," i.e., statutes that incorporate by reference the provisions of another statute. E.g., Hall v. Ragland, Comm'r of Revenues,276 Ark. 350, 635 S.W.2d 228 (1982). Generally in this regard, the courts distinguish between a law's reference to particular statutes, and a law's general reference to a body of law that governs a given subject.See Ops. Att'y Gen. 2004-237, 88-066 (citing Sutherland StatutoryConstruction). As my predecessor further explained in the latter opinion:
 [A]n express or specific reference to one or more named provisions of another act will generally be construed as adopting that act as it exists at the time of the reference, and not as including subsequent additions, modification, or repeals. See 1A Sutherland Stat. Const. Legal Commentary p. 722-723 (4th Ed.). A general reference, that is, a reference to a body of laws or general law relating to a specified subject will, on the other hand, ordinarily be regarded as encompassing not only the law in force at the time of the referential act, but also that law as it exists from time to time thereafter. Id. *Page 6 
The effect of a reference to a particular statute has been further described as follows:
 Where one statute adopts the whole or a part of another statute by a particular or descriptive reference to the statute or provisions adopted, such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions, modifications, or repeals of the statute so taken unless it does so expressly or by necessary implication.
Sutherland Statutory Construction, Vol. 1A, § 32A:15 (Legal Commentary by Horace Emerson Read), 6th ed., p. 964.
When I apply these principles to A.C.A. § 3-8-204(a), and its reference to "Amendment 7, and enabling acts pertaining thereto," I conclude that the reference likely falls within the category of "general" references. The statute does not refer to or describe a specific pre-existing enabling act to Amendment 7. Rather, it references the general body of law relating to county initiatives. As such, it probably includes subsequent modifications of that law.
It is therefore my opinion that local option petitions in all likelihood must be filed in accordance with A.C.A. § 14-14-915(b)(1), as amended by Act 1480, i.e., "not less than ninety (90) calendar days nor more than one hundred twenty (120) calendar days" before the election.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Before its amendment in 2009, subsection 14-14-915(b)(1) stated: "All petitions for initiated county measures shall be filed with the county clerk not less than sixty (60) calendar days nor more than ninety (90) calendar days prior to the date established for the next regular election." A.C.A. § 14-14-915 (Repl. 1998).
[2] Article 5, Section 1 states that "[m]unicipalities may provide for the exercise of the initiative and referendum as to their local legislation." Ark. Const. art. 5, § 1
(under "Local for Municipalities and Counties.")
[3] 237 Ark. at 32-33.
[4] 260 Ark. at 429.
[5] 260 Ark. at 430 (emphasis added) (citing Fine, supra).
[6] See Robie, supra.
[7] See Armstrong, supra, 235 Ark. at 577 (stating that the language in art. 5, § 1 "simply means that the legislature may not require that the petitions be filed earlier.")
[8] I note the court's statement in Robie, supra, that the petitioners were "at liberty to file their petitions before [the 90-day point]." This might suggest that there can be no outer limit on county initiative filings. I believe this statement was attributable, however, to the particular city ordinance at issue, which fixed the time for filing initiative petitions on city measures without setting an outer limit on such filings. The ordinance simply required filing "at least 90 days" before the municipal election. 260 Ark. at 430. Similarly, in Fine, the court upheld a filing that was almost a year before the election, where there was no city ordinance governing the filing of initiative petitions on city measures. 237 Ark. at 30.
[9] Section 3-8-204 is the codification of Section 1 ofAct 341 of 1977. In 1977, the enabling legislation for Amendment 7 county initiatives provided: "All petitions for initiated county measures shall be filed with the county clerk not less than sixty (60) calendar days nor more than ninety (90) calendar days prior to the date established for the next regular election." Acts 1977, No. 742, § 94 (codified at A.C.A. § 14-14-915 (Repl. 1998)). *Page 1